## CARRIE O. CESSNA

*v.*

## . LILLIAN ADAMS.

[Submitted November 4th, 1921. Determined December 20th, 1921.]

1. A voluntary trust, as distinguished from one supported by a consideration, is essentially a gift, and must be fully executed to render it effective, and a mere intent to establish such a trust will not be aided by a court of equity.

2. In a suit to enforce a trust evidence *held* not to show that a soldier had executed a voluntary trust as to part of his war risk insurance, which was made payable to his mother, in behalf of complainant, his fiancée, as she could not be designated as beneficiary of such insurance, even if a trust to that effect fully executed would be enforced in view of its purpose to evade the provisions of the statute.

3. The execution of a voluntary trust should be clearly and satisfactorily established to enable a court of equity to recognize and enforce it.

On final hearing on bill to enforce trust.

*Mr. Martin V. Bergen,* for the complainant.

*Mr. Joseph C. Haines,* for the defendant.

LEAMING, V. C.

Defendant is the beneficiary named in a policy of insurance issued to her son by the bureau of war risk insurance of the treasury department of the United States. Since the death of the insured the insurer has been making payment to defendant of the monthly installments due by the terms of the insurance contract. The bill filed herein seeks to compel defendant to pay to complainant all moneys heretofore received and to be hereafter received pursuant to a trust alleged to exist in favor of complainant.

By the terms of the act under which the insurance was issued (*Fed. St. Ann. (2d ed.) p. 1326 § 402*) the insurance is required to be payable only to a spouse, child, grandchild, parent, brother or sister of the insured, and, subject to regulations, the insured shall at all times have the right to change the beneficiary, without the consent of the beneficiary, but only within the class above named; if no beneficiary within the permitted class be designated by the insured, either in his lifetime or by will, or if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons within the permitted class of beneficiaries as would under the laws of the state of the residence of the insured be entitled to his personal property in case of intestacy.

Complainant was the fiancée of the insured. Complainant's testimony, and the testimony of complainant's mother, is to the effect that a few days before the insured left this country with his regiment for France, he stated to complainant and her mother that he already had taken out a war risk policy for $5,000 with his mother, defendant herein, named as beneficiary, and desired to take out $5,000 more insurance in complainant's favor, but was informed by his lieutenant that he could not name her as beneficiary; that he would for that reason take out the additional insurance with his mother named as beneficiary and his mother would pay the insurance money to complainant in the event of his death. The second $5,000 policy was subsequently issued with the mother of insured, defendant herein, named as beneficiary. Subsequently (June 30th, 1918), the insured wrote to complainant from France as follows:

"I now carry $10,000 in Mother's name, but am unable to make a will. Wrote to Mother that if anything happens half this amount goes to you. She will be perfectly willing that you have half which you have all the right in the world to claim, but let's not dwell too long on this subject as I am coming home to my little girl and the insurance. go hang."

It is these circumstances, in connection with a claim that the insured wrote to his mother a similar letter, upon which the claim of a trust in favor of complainant is based.

There is no evidence which justifies a finding of fact that at any time prior to the issuance of the policy here in question the mother of the insured agreed to act as beneficiary in a policy in the interest of complainant or even knew of any such contemplated plan. She also denies ever having received a letter of the nature of the one referred to in the letter above quoted and produces a letter from her son bearing date the preceding day (June 29th, 1918), as follows: "Have you seen Carrie [complainant] lately? I took out $10,000 insurance. You will get the papers before long."

Complainant and her mother testify to admissions of defendant, to the effect that she had received from her son a letter of the nature of the one referred to in the letter first above quoted; this is also denied by defendant.

It is an established principle that a mere intent to establish a voluntary trust cannot be aided by a court of equity; a voluntary trust—as distinguished from one supported by a consideration—is essentially a gift and must be fully executed to render it effective as such. See cases cited in *Austin* v. *Young, 90 N. J. Eq. 47.* The utmost here claimed by complainant to establish an executed trust is a letter of insured stating that he had written to his mother, as beneficiary, to pay the insurance money to complainant in the event of his death, and admissions of the beneficiary that such a letter had been received by her. The letter referred to by the insured may have been written to his mother or it may not have been, since she denies having received such a letter; nor was the certificate or policy of insurance delivered to complainant. See *Harden* v. *Harden* (*Ky.*), *230 S. W. Rep. 307.* Obviously, the execution of a trust of this nature should be clearly and satisfactorily established to enable this court to recognize and enforce it. I am unable to reach the conclusion that complainant has adequately established the existence of an executed trust in her favor.

I also incline to the view, which it is unnecessary here to adopt, that the federal statute is so clear in its purpose to confine the benefits of this insurance to the class of persons named in the act that any attempt upon the part of the insured to thus

accomplish by indirection what the statute forbids must be held to be illegal and unenforceable.

The general rule is, as stated in *Sharp* v. *Tees,* 9 *N. J. Law* *352, 354,* that "the attempt to contravene the policy of a public statute is illegal. Nor is it necessary to render it so that the statute should contain an express prohibition of such attempts. It always contains an implied prohibition." See, also, *Gregory* v. *Jersey City, 34 N. J. Law 390, 397.* This rule obtains alike in courts of law and equity. *Church* v. *Muir, 33 N. J. Law 318, 323.* This rule has not been uniformly enforced in cases in which policies of insurance have been assigned to persons without insurable interests and in trusts created by the insured in beneficial associations in favor of persons outside the class allowed as beneficiaries, it being at times held that the defence was one purely personal to the insurer; in other cases the opposite view is adopted. A recent case of the latter class is *O'Brien* v. *Massachusetts Catholic Order of Foresters, 220 Mass. 79.* In this state there are two cases of the former class—*Meyers* v. *Schumann, 54 N. J. Eq. 414,* and *Stellar* v. *Sell, 55 N. J. Eq.* *530.* In the former case, a policy of insurance had been assigned to a person without an insurable interest; that illegal element was held to afford a defence only to the insurer; in the latter case, a beneficial association had paid the insurance to the beneficiary and a trust was sustained in favor of another as against the beneficiary. See, also, *Britton* v. *Supreme Council, 46 N. J. Eq. 102; affirmed, 47 N. J. Eq. 325.* No similar case appears to have arisen under the War Insurance act. That act so clearly defines a broad national policy to make provision for the restricted class of relatives named in the act in the event of the death of the insured that it may well be doubted whether *Meyers* v. *Schumann, supra,* or *Stellar* v. *Sell, supra,* can be regarded as giving sanction to a claim of one outside the statutory class against funds in the hands of a beneficiary within the class in a case in which the rights of the one outside the class are wholly dependent upon an admitted attempt of the insured, concurred in by the claimant, to evade the provisions of the federal statute and accomplish by indirection what the claimant and the insured knew could not be accomplished directly and thus defeat the

broad and beneficial purpose of the federal statute referred to. It is immaterial whether the attempt to evade the statute renders the appointment of the beneficiary void, since in that view defendant takes as next of kin. But, as already suggested, it is unnecessary here to definitely pass upon this phase of the case.

I will advise a decree dismissing the bill.