BERGEN COUNTY CIRCUIT COURT.

ANDREW M. LEWIS, plaintiff,

*v.*

JOHN T. COLLINS et al., defendants.

[Decided June 27th, 1923.]

**Architects' Fees—License Obtained After Employment was Given—Rights of Unlicensed Architects—Counter-Claims for Damages.**

On motion to strike out answer.

*Mr. George W. Harrison,* for the plaintiff.

*Mr. Guy L. Fake* and *Mr. Harold Bouton,* for the defendants.

NEWMAN, J.

Plaintiff in this suit seeks to recover the reasonable value of services rendered by him for defendants from November 8th, 1920, to and including September 17th, 1921. The services, as set forth in the complaint, consists of preparing preliminary sketches, modifications of such sketches, grading and building plans, preparing final plans and specifications and various modifications of such plans and specifications. The complaint further alleges that at the request of defendant Collins, plaintiff "became his authorized architect and performed the following labor" for the construction of a moving picture theatre at Rutherford, New Jersey.

Plaintiff desires to amend his complaint. Paragraph (2) of the original complaint alleges that plaintiff was an architect at the times mentioned therein and was duly licensed to practice his profession in the State of New Jersey. Conceiving that this statement is erroneous, he now desires to amend

that paragraph of the complaint by alleging that at such times "plaintiff was skilled and competent in the science of architecture, and on August 11th, 1921, he was duly licensed to practice architecture in this state," and then alleging that prior to his receiving such license he did not pursue the practice of architecture in this state, and proceeding to negative the other activities forbidden by the act entitled "An act to regulate the practice of architecture," except by those licensed as architects in this state. He concludes the proposed amended paragraph with the words "excepting only that he performed the work hereafter mentioned for the consideration hereafter set forth."

So that the plaintiff may have the benefit, if any, of the amendment, it will be allowed.

Among other things defendants set up in their answer that the employment of plaintiff, if he was employed, was under a void contract, because plaintiff was not licensed to practice architecture in this state.

Plaintiff moves to strike out that portion of the answer on the ground that it constitutes no defence to the action.

Plaintiff contends that section 13 of the "Act to regulate the practice of architecture" is not applicable to this case because it prohibits only the practice of architecture and engaging in the business of preparing plans, &c., which plaintiff contends means at least more than one employment. The act, however, penalizes one who advertises or puts out any sign, card or drawing designating himself as an architect, having an office or doing business within this state without a license. If the various items set forth in the complaint, listed as seven different sketches and modifications and plans from November 8th, 1920, to September 17th, 1921, do not constitute the practice of architecture in this state or engaging in the business of preparing plans, specifications, &c., the fact that, as alleged by plaintiff, he did on his employment, at the request of defendant Collins, "become his authorized architect and performed the following labor for such construction" (here following all the work aforesaid enumerated) doubtless constitutes putting out a drawing designating him-

self as an architect doing business within this state, as he alleges that as such "authorized architect" he drew for and at the request of defendant Collins all these various sketches, plans and specifications as indicated in the complaint, and for which he seeks to recover compensation.

Plaintiff further contends that even though the activities of the plaintiff come within the purview of the statute, this only subjects him to a penalty and does not prohibit him from recovering compensation for the services rendered.

The object of the statute is doubtless to protect the citizens of the state against being induced to employ persons to do architectural work who are totally unfitted and unqualified to do so. An unskilled and unlearned man, while he might do nothing further than offend his employer in producing a building out of harmony with beauty and grace, might also, in the preparation of plans for a mill, large building, or, as in the case at bar, a moving picture theatre, where it is conceded eight hundred persons could assemble, be so unskillful and unlearned as to cause the erection of a building which would place the lives of these patrons in great jeopardy.

Even though a statute does not expressly prohibit the doing of a certain act, but only subjects the person doing it to a penalty, the generally pronounced rule is that an agreement founded on or for the doing of such penalized act is void. *13 C. J. 421 § 352 (2).*

"The attempt to contravene the policy of a public statute is illegal. Nor is it necessary to render it so that the statute should contain an express prohibition of such attempt. It always contains an implied prohibition; and to such attempt the principles of the common law are invariably and deadly hostile, not always by an interference between the parties themselves, or by enabling the one to recall from the other, where *in pari delicto,* what may have been obtained; but by at all times refusing the aid of the law to carry into effect or enforce any contract which may be the result of such intended contravention." *Sharp* v. *Teese, 9 N. J. Law 352.*

This principle of law has been repeatedly reiterated by the courts of this state. *Smith* v. *Applegate, 23 N. J. Law*

*352, 356;* State v. *Jersey City, 84 N. J. Law 390, 397.* In this case the court said (at *p. 397*) : "A contract is illegal if it is opposed to the general policy and intent of a statute." See, also, *Cessna* v. *Adams, 115 Atl. Rep. 802.*

The same principle is also involved in the case of *Arotzky* v. *Kropnitzky, 1 N. J. Adv. R. 501,* in which the supreme court held that the vendor of an automobile sold without the necessary bill of sale, which conduct constituted a misdemeanor, could not recover on a check which had been given him by the vendee, as part payment of the purchase price.

The contract of employment which was made prior to November 8th, 1920, and prior to plaintiff being licensed to practice architecture in this state was therefore repugnant to the policy of the statute and unenforceable.

The motion to strike out that portion of the answer setting up the fact that plaintiff was not so licensed will, therefore, be denied.

Plaintiff also moves to strike out paragraph (8) of the answer to the first count and paragraph (9) of the answer to the second count because, while said paragraphs admit the payment of $300 on account to plaintiff, they say it was paid to him because of his fraud and deceit, on the ground that no specific fraud or deceit is alleged. Inasmuch as those portions of the answer are immaterial and do not effect the rights of the plaintiff and the statements are mere surplusage, the motion in that respect will also be denied.

Plaintiff also moves to strike out the counter-claim which seeks to recover the $300 paid plaintiff on account, because of his falsely representing to the defendants that he was a licensed architect and alleges further damages by reason of delays, &c., and increased cost of building because of said alleged false representation to the extent of $22,000.

So far as the claim for $300 is concerned, the motion will be denied. The claim for the unliquidated sum of $22,000 will be struck out with permission to defendants to amend the counter-claim in this respect by alleging their cause of action with the necessary particularity if they so desire.

No costs will be allowed either party.

Order may be presented on notice.