The alleged grievance of the complainant can be concisely stated. His bill charges that he was married to his present wife, the defendant Alice C. Carberry, on May 17th, 1938, and that on June 14th, 1943, they purchased a parcel of real estate known as No. 168 Matilda Avenue, in the Township of Franklin, Somerset County, with funds supplied by each of them. With his approval the title was taken in the name of his wife. On December 7th, 1944, he joined with his wife in the execution of a deed conveying the premises to the defendant Thomas Richardson upon the assurance of his wife that the proceeds of the sale would be used to purchase some *Page 10 
other residential property for their occupancy. The complainant alleges that after his execution of the deed, his wife so mistreated him that he was obliged to separate from her. He declares that his wife has not purchased another home and that she intends to retain all of the proceeds of the sale.
With the averment of that factual background, the complainant prays, inter alia, that the consummation of the sale be enjoined "until complainant receives his just share of the proceeds thereof, or until the money is placed in the names of both the said Alice C. Carberry and complainant, to be used in accordance with the agreement for the purchase of another property for their home" and "that the proceeds of the said sale may be charged with a trust in favor of the complainant * * *."
At the final hearing, only light particles of the testimony of both complainant and defendant fell within the prospect of credence and credit. The prevailing marital discord probably inspired each to indulge in exaggerations and resort to noticeable falsehoods. The fatal consequence is that the alleged cause of action, if otherwise maintainable, is not adequately sustained by credible proof.
Since their marriage both husband and wife have customarily pursued some remunerative employments. Mr. Carberry acknowledges that his weekly monetary contributions to his wife were used by her to defray their living expenses, and that she regularly deposited her earnings in her own savings accounts. Perhaps from that practice the complainant has evolved the notion that at least in fiscal affairs the union between him and his wife implied the legal characteristics of a joint adventure rather than the usual obligations of marriage. Complainant has never opened a bank account.
It would not aid the complainant to conjecture that he paid the consideration for the purchase of the property. Where the parties are attached by the relationship of husband and wife, and the husband pays the consideration and has the conveyance made to his wife, the presumption is that a gift or settlement was intended.Strong v. Strong, 134 N.J. Eq. 513; 36 Atl. Rep. 2d 410;affirmed, 136 N.J. Eq. 103; 40 Atl. Rep. 2d 548;Pappalardo v. Pappalardo, 136 *Page 11 N.J. Eq. 527. Such a presumption can only be demolished by definite, trustworthy, and convincing proof of a contrary intention. There is no refutative evidence of that quality in the present case. Indeed, I am not persuaded that the complainant participated financially or in any manner whatever in the acquisition of the property.
Nor can I justifiably repose sufficient confidence in the testimony of the complainant to conclude that there was an express oral promise by Mrs. Carberry that the proceeds of the sale of the property would be appropriated to the purchase of some other residential property for their future occupancy. If, however, such a promise was given by Mrs. Carberry without a valuable consideration, it constituted in the circumstances nothing more than an announced intent to establish a voluntary trust, which essentially is a gift and must be fully executed to render it effective. While a voluntary settlement in trust which is without consideration remains executory, equity will not undertake to compel the actual creation of the trust and proceed to enforce it. Landon v. Hutton, 50 N.J. Eq. 500;25 Atl. Rep. 953; Wittingham v. Lighthipe, 46 N.J. Eq. 429;19 Atl. Rep. 611; Reich v. Reich, 83 N.J. Eq. 448; 91 Atl. Rep. 899; Austin
v. Young, 90 N.J. Eq. 47; 106 Atl. Rep. 395; Cessna v. Adams,93 N.J. Eq. 276; 115 Atl. Rep. 802; Frank v. Gaylord, 119 N.J. Eq. 427; 182 Atl. Rep. 614.
Perhaps the suggestion might be put forth that the complainant in executing the deed of conveyance relinquished his inchoate expectancy of an estate by the curtesy in the premises. The evidence, however, does not satisfactorily disclose a bargain achieved by any such a consideration. In undertaking to buy the property, the defendant Richardson first interviewed the complainant, who stated: "See my wife, it's her property, it's not mine." The complainant appears to have graciously signed the deed without any intimation to anyone that any portion of the proceeds of the sale or other consideration was to be payable or forthcoming to him. When it became evident that the parties could not set at case their matrimonial agitations, the complainant resolved to organize his present claim. *Page 12 
Assuredly, to require Mrs. Carberry, under the supervision of this court, to perform specifically the alleged agreement by selecting and acquiring with the available funds a suitable residential property in some desirable locality for the use of herself and her estranged husband, would be an impracticable and impotent act which a court of equity declines to undertake.Wharton v. Stoutenburgh, 35 N.J. Eq. 266; Mowers v. Fogg,45 N.J. Eq. 120; 17 Atl. Rep. 296; Orange Society, c., v.Konski, 95 N.J. Eq. 254; 122 Atl. Rep. 753; Pom. Spec. Per.
(3d ed.), § 307; Fry Spec. Per. 44, 45; 1 Lawrence Eq. Jur., §267.
In any perceptible aspect of the present case, the alleged cause of action is not fundamentally sustained by an adequate measure of credible proof, and a decree must be advised dismissing the bill.