(March 14, 1908.)

JOHN LARSON et al., Respondents, v. KATE CARTER, Appellant.

[94 Pac. 825.]

OPEN BOOK ACCOUNT—AGAINST HUSBAND—HUSBAND AND WIFE—WIFE'S SEPARATE ESTATE—IMPROVEMENTS THEREON—HUSBAND'S RIGHT TO ERECT—ADMISSION OF EVIDENCE—RIGHT OF WIFE TO DEFEND—HUSBAND IN DEFAULT—ASSIGNMENT OF ACCOUNT—CREDIT GIVEN TO HUSBAND—CREDIT TO WIFE.

1. Where an indebtedness is contracted by the husband and the credit given to him, the wife cannot be held liable therefor, even though the indebtedness was created for the erection of a building on the separate estate of the wife.

2. Under our statutes, as they existed at the time the indebtedness sued on in this action was made, the husband had the management and control of the separate estate of the wife, but he had no authority to erect a building on her separate real estate, and thereby bind the wife and create a lien on such real estate without her consent.

3. The husband's authority under the statute to manage and control her separate real estate did not authorize him to make contracts for its improvement without her consent, and such authority will not be implied from the marital relation.

4. *Held,* that the court erred in not admitting all evidence offered by the appellant showing or tending to show that the husband contracted the debt sued on herein without her knowledge and consent.

5. Under the provisions of sec. 4094, Rev. Stat., if a husband and wife be sued together, the wife may defend in her own right, and if the husband neglects to defend, she may defend for him also, and may testify in such action in regard to the contract sued on.

6. Where a husband contracts an indebtedness and credit is given to him solely, a wife cannot be held liable therefor.

(Syllabus by the court.)

APPEAL from the District Court of the Fifth Judicial District for Oneida County. Hon. Alfred Budge, Judge.

Action to recover on open book account. Judgment for plaintiff. *Reversed.*

Gray & Boyd, for Appellant.

Sec. 4094, Rev. Stat., provides: "If a husband and wife be sued together, the wife may defend her own right, and if the husband neglects to defend, she may defend for his right also." (*Stowell v. Tucker,* 7 Ida. 312, 62 Pac. 1033.)

The husband may become the agent of his wife to make a contract for the improvement of her real estate, but his authority to so act is not implied from the marital relations. (*Hoffman v. McFadden,* 56 Ark. 217, 35 Am. St. Rep. 101, 19 S. W. 753.)

A family account cannot be charged against the wife's separate property. (*Chaffee v. Browne,* 109 Cal. 211, 41 Pac. 1028.)

Debts contracted by the husband for his own benefit, or for the use and benefit of the family of which he is the head, cannot expose the separate property of the wife to levy and sale. (*Dernham v. Rowley,* 4 Ida. 753, 44 Pac. 643; *Jaeckel v. Pease,* 6 Ida. 131, 53 Pac. 399.)

SULLIVAN, J.—This action was brought to recover on a promissory note and an open book account, which causes of actions had been assigned to respondent by Parkinson & Co. The complaint sets up two causes of action, the first on the promissory note, and the second on book account for money advanced, and for goods, wares and merchandise sold and delivered. At the close of the testimony of the plaintiffs, the defendant, Kate Carter, moved for a nonsuit on both causes of action, upon the grounds, first, that it was not proven that said promissory note was executed by her for the benefit of her separate estate, and, second, that the second cause of action was not an account against her, but was charged on the books of the respondents against George D. Carter, and the credit was extended to him. The court took said motion under advisement and required the defendant, Kate Carter, to put in her testimony, and thereafter the plaintiffs moved to amend their complaint, which motion was granted after the adjournment of that term of court. The court also sus-

tained a motion for nonsuit as to the first cause of action, and denied the motion as to the second cause of action, and made its findings of fact and conclusions of law, and entered judgment against the appellant for $359.47, with interest and costs of suit. .This appeal is from the order denying a new trial. The appeal from the judgment was dismissed on the ground that it was not taken within a year from the entry of the judgment.

The action of the court in permitting an amendment to the complaint after the term had adjourned at which said cause was tried is assigned as error. As the judgment will have to be reversed, it is not necessary for us to decide that question.

The action of the court in denying a motion for a nonsuit as to the second cause of action is assigned as error. It appears from the record that the appellant and George D. Carter are husband and wife and are sued jointly herein, and during the time said account was made were residing together upon the farm of the appellant. A copy of said account against George D. Carter was introduced in evidence over the objection of the appellant. It appears from that account that it is charged against said George D. Carter, the husband of appellant, the first item of which is dated October 12, 1898, and the last, September 17, 1900. It is an open book account for cash advanced for building material, and for merchandise of various kinds such as a family generally uses. Said account amounted to $1,330.59, and judgment was entered against the appellant for certain items of said account amounting to $359.47, which items, it is claimed, were for lumber and other materials used in the construction of a dwelling-house on the separate real estate of appellant, and money advanced to pay workmen who had performed labor on said dwelling-house. Under that state of facts, it is contended by counsel for appellant that said indebtedness was contracted by said George D. Carter and the credit given to him, and the account charged to him, and for that reason appellant cannot be held liable therefor. On the other hand, it is contended by counsel for. respondents that Kate Carter is personally liable for certain items in said account amounting to said $359.47, for the

reason that the money so advanced and the lumber and other building material furnished were used for the improvement and betterment of her separate estate.

It is clear that if the indebtedness was contracted by George D. Carter and the credit given to him, the appellant cannot be held liable therefor, even though the money advanced and the material furnished were used in the erection of a building on the separate estate of the appellant. While under the law as it stood when this transaction occurred, the husband had the management and control of the separate estate of the wife, he had no authority under the statute to erect buildings and make improvements upon her real estate without her consent and thus create a lien thereon. If he could do that, he might thus alienate her real estate without her consent. The husband had no such authority under the law. Therefore, unless it appears from the evidence that said indebtedness was incurred with her consent, she is not liable therefor. It was held in *Hoffman v. McFadden,* 56 Ark. 217, 35 Am. St. Rep. 101, 19 S. W. 753, that the husband's authority to make contracts for the improvement of the separate estate of the wife will not be implied from the marital relation nor from the mere fact that he occupies and manages or controls her real estate, and unless it is shown that she authorized her husband to contract said indebtedness, she cannot be held liable therefor.

The rejection of certain evidence offered on behalf of appellant is assigned as error. The court erred in not permitting the appellant to answer the following questions: (1) Did your husband have any authority from you to run an account with W. C. Parkinson & Co.? (2) Has defendant, George D. Carter, at any time run an account with W. C. Parkinson & Co., with your knowledge and consent? (3) Why was it you ordered Parkinson & Co. not to allow him to run bills looking to you for liquidation? It was error not to permit appellant to answer said questions. All evidence offered tending to establish the fact, if it be a fact, that the items of the account that were used in the construction of a dwelling-house on the separate estate of the appellant, were furnished

without her consent, ought to have been received. The appellant's property rights are assailed in this action, and her husband and codefendant had defaulted. That being true, under the provisions of sec. 4094, Rev. Stat., the wife had a right to defend in her own right, and if she desired to do so, had the right to defend for the husband, as he had defaulted and neglected to defend and to testify on the trial. (See *Stowell v. Tucker,* 7 Ida. 312, 62 Pac. 1033.) There was other evidence excluded tending to show that the appellant had notified Parkinson & Co. that if they gave credit to George D. Carter they must look to him for their pay. This evidence was improperly rejected.

It appears from the record that this account was made with Parkinson & Co., and that they extended the credit to George D. Carter on their books, and the account was thereafter assigned to the respondents; that is, the account against George D. Carter; but the record contains no assignment as against the appellant, Kate Carter. Her name does not appear in the original account nor in the assignment thereof. It is well established that where the husband contracts an indebtedness and credit is given to him solely, the wife cannot be held liable therefor.

Other errors are assigned in regard to the findings, but it is unnecessary for us to consider them, as the judgment must be reversed and the cause remanded for a new trial. All evidence offered tending to prove the material allegations of the complaint on a retrial of this case ought to be admitted, as well as all evidence tending to prove the denials and averments of the answer. On the grounds above stated, the court erred in not granting a new trial, and the cause is remanded for a new trial and for further proceedings in accordance with the views expressed in this opinion. Costs are awarded to the appellant.

Ailshie, C. J., and Stewart, J., concur.