[Civil No. 1936. Filed March 10, 1922.]

[204 Pac. 1020.]

# E. Y. MALICH, Appellant, v. DIANA MALICH, Appellee.

1. DIVORCE—FINDING ON CONFLICTING EVIDENCE THAT JEWELRY WAS WIFE'S SEPARATE PROPERTY NOT DISTURBED.—The Supreme Court cannot disturb the trial court's holding on conflicting testimony in a divorce suit that jewelry in the wife's possession was her separate property.

2. HUSBAND AND WIFE—NO PRESUMPTION THAT PROCEEDS OF PROPERTY OWNED AT MARRIAGE WENT INTO PROPERTY ACQUIRED THEREAFTER. There is no presumption that money realized from the sale of property owned by a husband at the time of his marriage was applied on the purchase of property acquired during coverture.

3. HUSBAND AND WIFE — MONEY FROM BUSINESS PURCHASED DURING COVERTURE IS COMMON PROPERTY.—Money made by a husband, after the purchase of his partner's interest in a business subsequent to his marriage, and used in paying for a lot purchased during coverture, was common property, unless the business or that part of it acquired after marriage was paid for with the husband's separate funds, and not with those made out of the business itself

4. HUSBAND AND WIFE—PROPERTY ACQUIRED DURING COVERTURE PRESUMED COMMON UNLESS PURCHASED WITH SEPARATE FUNDS.— Under Civil Code of 1913, paragraphs 3848, 3850, the presumption is that a lot acquired and a building erected thereon during coverture were community property, in the absence of evidence that the former was purchased or the latter built with separate funds; all property found in the name or possession of either spouse during marriage being *prima facie* common.

5. HUSBAND AND WIFE—PROPERTY PURCHASED ON CREDIT BELONGS TO COMMUNITY UNLESS ACQUIRED ON PLEDGE OR MORTGAGE OF SEPARATE PROPERTY.—Property purchased on credit belongs to the community unless acquired on a pledge or mortgage of separate property; the consideration being merely the purchaser's obligation or promise to pay.

6. HUSBAND AND WIFE—PROPERTY ACQUIRED IN EXCHANGE FOR HUSBAND'S PERSONAL OBLIGATION IS PRIMA FACIE COMMON.—Since a

---

4. Profits accruing during marriage in connection with property belonging to separate estate of either spouse as community property, notes, 126 Am. St. Rep. 112; 31 L. R. A. (N. S.) 1092.

personal obligation or debt created by the husband during marriage is *prima facie* common, property acquired in exchange therefor necessarily assumes a like character.

7. DIVORCE—DISCRETION AS TO DIVISION OF PROPERTY NOT INTERFERED WITH UNLESS CLEARLY ABUSED.—The Supreme Court will not interfere with the trial court's discretion under Civil Code of 1913, paragraph 3862, to order a division of the estate of the parties to a divorce suit unless it clearly appears that such discretion has been abused.

8. DIVORCE—DIVISION OF PROPERTY HELD NOT ABUSE OF DISCRETION.— Where, by the joint efforts of the parties to a divorce suit who lived together seventeen years, the value of the husband's property at the time of the marriage was tripled, the trial court did not abuse its discretion in awarding to the wife as community property a certain building in addition to four lots with two houses thereon, one the residence, together with the furniture and jewelry in the wife's possession, all of which was of the value of $17,500, as compared to property awarded the husband of the value of at least $25,272.

APPEAL from a judgment of the Superior Court of the County of Navajo. J. E. Crosby, Judge. Affirmed.

Mr. W. H. Burbage, and Mr. C. H. Jordan, for Appellant.

Mr. J. L. Sweeney, and Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

McALISTER, J.—E. Y. Malich brought suit for divorce against Diana Malich, his wife, alleging cruelty. The answer denied this allegation, but no testimony in support of the denial was offered. The only contest was over the division of the property. A certain piece of real estate known as the Bain Building was awarded to appellee upon the theory that it was community property, and from this particular part of the

---

7. Division of community property upon annulment of marriage, note, 36 L. R. A. (N. S.) 845.

Effect of divorce on community property in absence of adjudication, note, 11 L. R. A. (N. S.) 103.

judgment as well as from the order denying his motion for a new trial plaintiff appeals.

The parties were married January 7, 1904, at Philadelphia, Pennsylvania, appellant being then a resident of Winslow, Arizona. The record discloses that at the time of the marriage appellee had no property, but that appellant was the owner of the following, all located in Winslow, Arizona: The Wigwam Hotel, five houses known as the Korn Cottages, one adobe house and six lots, a $600 interest in a clothing business with a Mr. Kobalsky, and $1,000 in cash. At the time of the trial in 1921 the only part of this property still owned by appellant was the Wigwam Hotel to which had been added in 1907 a second story costing $2,800. The other property had been sold in the meantime, and the following, in addition to the Wigwam Hotel, valued at $12,000, then constituted the holdings of the spouses, either separately or as a community; the Bain Building, valuation $14,000; lots 3, 4, 5, and 6, block C, Winslow, on which was the residence of Mr. and Mrs. Malich and one other house, valuation $3,000; a house and lot in Hicks addition, valuation $1,600; 40 acres of land near Glendale, Arizona, valuation $10,700; 2,500 shares of the capital stock of the Arizona Fire Association, book valuation $6,250; five notes, valuation $3,922; one Ford car, valuation $300; 550 War Savings Stamps, approximately $2,500; furniture, $500; two lots in San Diego, California, valuation $550. The court held all this, except the Wigwam Hotel, to be community property, and awarded lots 3, 4, 5, and 6, block C, with two houses thereon, one being the residence, together with the furniture, and the Bain Building to appellee; and the remainder to appellant. The two lots in San Diego were not awarded because they were not within the jurisdiction of the court.

Appellee had in her possession some valuable diamonds—finger rings, earrings, and a brooch—which had been purchased by appellant and used by her. Appellant contended that they were bought as an investment, while appellee claimed them as a gift to her from him.' Upon conflicting testimony the court held them to be the separate property of the wife, and this court cannot disturb that holding. *Gila Land & Cattle Co.* v. *Eads, ante,* p. 282, 203 Pac. 549; *Nicolai* v. *Sugarman Iron & Metal Co., ante,* p. 230, 202 Pac. 1075.

Appellant's only assignment of error is the awarding of the Bain Building to appellee; his contention being that it was his separate property because the lot was purchased and the building erected by him with funds derived from the sale of property owned by him previous to his and appellee's marriage. This claim is based on the provisions of paragraph 3848 of the Revised Statutes of 1913, which defines separate property in the following language:

"3848. All property, both real and personal, of the husband, owned or claimed by him before marriage and that acquired afterward, by gift, devise or descent, as also the increase, rents, issues and profits of the same, shall be his separate property, and all property, both real and personal of the wife, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, as also the increase, rents, issues and profits of the same, shall be her separate property."

Appellee, however, contends that, inasmuch as this property was acquired during coverture, it belonged to the community, there being no showing that it was purchased with the separate funds of appellant, and consequently upon a dissolution of the marriage was a proper subject of award by the court, the same as other community property. This viewpoint is based

upon paragraph 3850 of the statute defining community property, which reads as follows:

"3850.   All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, or earned by the wife and her minor children, while she has lived or may live, separate and apart from her husband, shall be deemed the common property of the husband and wife."

There seems to be no question but that the lot was purchased and the building erected after marriage. The contest, however, is over the ownership of the funds paying for them—whether they were the separate property of appellant, or whether the evidence is sufficient to overcome the presumption that all property found in the name or possession of either spouse during marriage is *prima facie* common. It appears from the record that in the latter part of 1903 appellant sold the Korn Cottages for $3,800, which was paid some time after his marriage, though the exact date thereof is not disclosed; that in 1905 he bought the Kobalsky interest in the dry-goods store and ran the business himself until 1912, when he sold it to Carl Bain for $2,200; that the lot on which the Bain Building stands was purchased and the building erected, both at a cost of $5,000, in 1904, after his marriage; and that later an addition, at an expense of $975 or $1,075, was built.   It is contended in behalf of appellant that the $3,800 realized from the sale of the Korn Cottages and the $1,000 owned by him at the time of marriage, together with $200 from the rentals of the Wigwam Hotel, paid for the Bain lot and building.   But the record does not substantiate this claim, for it discloses through the testimony of appellant himself that he used all of the $1,000 to furnish his house, and fails to show what he did with the $3,800. It does not trace this into any other property, either separate or community, and there is no presumption

that it was applied as contended. The mere fact that appellant had, at the time of his marriage, certain resources with which he could have paid for this lot and building does not prove that he had them later, when the lot was purchased and the building erected, or that they or any part of them were ever actually used for this purpose. Especially is this true in view of his testimony that he had no money "to put in" the lot, but borrowed it and paid it "from the store, my business," and that he went in debt for the building, paying for it also at a later time, though how or when is not stated. The record is also silent as to how the Kobalsky interest in the mercantile business was paid for—whether from the business itself or from the undisputedly separate resources of appellant. Neither does it appear whether the money coming from this business and paying for the lot was made before or after the purchase of this interest; if afterwards, it was common property, unless the business, or at least that part of it acquired after marriage, was paid for with the separate funds of appellant, and not with those made out of the store itself. Inasmuch, then, as the record discloses that the lot was acquired and the building erected during coverture, and fails to show that the former was purchased or the latter built with separate funds, the presumption that they were community property is decisive of the issue, for—

"all property found in the name or possession of either spouse during marriage is *prima facie* common. This presumption begins the moment of marriage and continues till the marital partnership is dissolved; it does not apply to property acquired after the dissolution of the community, but it does apply to all property in the name or hands of either spouse at the time of dissolution. Accordingly proof that the property in question was in the hands or name of either spouse at the time of dissolution raises the presumption that

it is common." McKay on Community Property, § 255.

In holding this property a community asset the trial court was perhaps governed to some extent by appellant's statement that he borrowed the money to buy the lot and went in debt to erect the building, since property purchased on credit belongs to the community where it has not been acquired upon a pledge or mortgage of separate property, the consideration for it being merely the purchaser's obligation or promise to pay. *Heney* v. *Pesoli*, 109 Cal. 53, 41 Pac. 819; McKay on Community Property, § 208. A personal obligation or debt created by the husband during marriage is *prima facie* common, and necessarily property acquired in exchange for that obligation assumes a like character. *Calhoun* v. *Leary*, 6 Wash. 17, 32 Pac. 1070; McKay on Community Property, § 209.

Appellant contends that all the property standing in the name of either of them at the time of trial belonged to him, and was therefore not subject to division by the court upon a dissolution of the marriage, though no objection is raised to the awarding of the lots and two houses, valued at $3,000, and the jewelry, to appellee; but it is claimed that, even though it be held that the property did belong to the community, thus making it the duty of the court to divide it upon dissolving the marriage, the discretion so conferred was greatly abused in this instance by giving also to appellee the Bain Building. The record discloses, however, that the property, held by the trial court to be community assets, was valued at approximately $42,772, which was awarded to appellee and appellant in the proportion of $17,500 to the former and $25,272 to the latter. And if to appellant's proportion should be added the cost of the second story of the Wigwam Hotel, built in 1907, several years after marriage, and paid for out of the mercantile business, his part of

the community assets would be $28,072. Under paragraph 3862, Revised Statutes, 1913:

"The court in pronouncing a decree of divorce from the bonds of matrimony shall also decree and order a division of the estate of the parties in such a way as to the court shall seem just and right, having due regard for the rights of each party and their children, if any; provided, however, that nothing herein contained shall be construed to compel either party to divest himself or herself of the title to separate property."

The discretion conferred by this section is very broad, and it is only where it clearly appears that it has been abused that this court is justified in interfering. In view of the fact that these parties lived together for seventeen years, and that by their joint efforts the value of the property owned by appellant at the time of their marriage was multiplied by three, we are unable to say that the trial court abused its discretion in awarding appellee the Bain Building.

The judgment is affirmed.

ROSS, C. J., and FLANIGAN, J., concur.