[Civil No. 2920.   Filed October 3, 1930.]

[291 Pac. 995.]

E. I. AMMERMAN, Appellant, v. W. J. CROZIER, Administrator of the Estate of HATTIE K. AMMERMAN, Deceased, Appellee.

Mr. John L. Sweeney and Mr. C. H. Jordan, for Appellant.

Messrs. Sawyer & Clark, for Appellee.

ROSS, J.—E. I. Ammerman and Hattie K. Ammerman were married July 31, 1917, and thereafter lived together as husband and wife, in Winslow, Arizona. On May 16, 1928, the husband commenced an action for divorce and for a division of their property, claiming it all to be community. He alleged as grounds for divorce cruel treatment. The wife countered with a like charge against plaintiff and joined in the prayer for a division of the community property, but claimed certain of the property was her separate property, inherited and owned by her before the marriage. A divorce was granted the plaintiff and a decree was entered confirming title to certain of the property in defendant as her separate property and dividing between the spouses the property determined to be community. Plaintiff, being dissatisfied with that portion of the decree disposing of the property, has appealed.

Since the appeal, defendant has died, and W. J. Crozier, administrator, has been substituted as her personal representative.

It is claimed the court erred in adjudging any of the property to be the separate property of defendant. It appears that at the time of the marriage defendant owned, having inherited them from her father some years previous, lots 13, 14, 15 and 16 in block 3 of the A. & P. addition to the town of Winslow, upon which were located three dwelling-houses. There was against this property an outstanding mort-

gage for $1,800, and subsequent to the marriage the plaintiff, as he contends, with his separate funds, satisfied this mortgage, and contributed labor and services in improving and looking after the property. It is contended that these contributions of his converted this separate property of the wife into community property.

It is said in 31 C. J. 34, section 1123:

"As a general rule, when the separate funds of the other spouse or the community funds are expended in improvements on the separate property of one of the spouses, the title to the improvements follows the land, in the absence of any specific agreement to the contrary, the equities of the parties being balanced by mutual credits and debits between the several estates involved. Improvements made upon the separate property of the spouse with the use of his separate funds are separate property."

This statement of the law has pretty general support. *In re Hart's Estate,* 149 Wash. 600, 271 Pac. 886; *Shaw* v. *Bernal,* 163 Cal. 262, 124 Pac. 1012; *McRae* v. *McRae,* 67 Cal. App. 480, 227 Pac. 933; *Bullock* v. *Sprowls,* (Tex. Civ. App.) 54 S. W. 657; *Lombardi* v. *Lombardi,* 44 Nev. 314, 195 Pac. 93. There is no suggestion or contention that there was any agreement that plaintiff should have any interest in the premises when he discharged the mortgage and contributed labor and services in looking after and attending to improvements thereon.

The rest of the property, concededly community, consisted of eleven lots, the improvements thereon and furniture in buildings, the bank account, Liberty bonds, Ford automobile and promissory notes, of the approximate value of $10,000. Of this community the plaintiff was awarded eight lots, the automobile, the bank account, and the promissory notes, of the approximate value of $6,000; and the defendant was awarded three lots and the Liberty bonds, of the approximate value of $4,000.

The plaintiff now contends that the property awarded the defendant was "acquired and improved by him out of $5,250.00" inherited from his mother. This contention conflicts with the allegations of plaintiff's complaint, for therein he avers that all of the property is community property. The case was tried upon that theory. It appears also from an equity standpoint that even if plaintiff contributed out of his separate funds to the purchase of the property admitted in the pleadings to be community, the defendant also contributed thereto. The evidence is to the effect that two of the houses belonging to the defendant in her individual right were from the beginning of the marriage union rented; that the rent thereof went into the common fund and was used generally in acquiring other property, and for the community; and that the other house was occupied by plaintiff and defendant as their home. The rental value of this property was fixed, by the only testimony thereon, at more than $13,000 for the period from 1917 to 1928.

The trial court saw the witnesses, heard them testify, and had the advantage of personal contact and knowledge, and if we had any doubt of the correctness and fairness of his decision in making the division of the community property we would feel bound to resolve such doubt in favor of his judgment. Section 2182 of the Revised Code of 1928 provides:

"On entering a decree of divorce the court shall order such division of the property of the parties as to the court shall seem just and right, according to the rights of each party and their children, without compelling either party to divest himself or herself of the title to separate property."

In *Malich* v. *Malich,* 23 Ariz. 423, 204 Pac. 1020, 1023, we said:

"The discretion conferred by this section is very broad, and it is only where it clearly appears that it has been abused that this court is justified in interfering."

It appears that after the announcement and entry of judgment both parties were dissatisfied. They stipulated consent for a new trial. The court refused to recognize or be bound by the stipulation, and plaintiff assigns such action as error. The court's action is not made one of the statutory grounds for a new trial. It is very probable that if a new trial were granted there would be as much dissatisfaction with the judgment therein as there is with the present one. It is the kind of case in which each thinks he is right and should be granted all the relief and that the other should be denied all relief. New trials are granted for errors and injustices that occur and not to gratify the litigants.

Finding no error, the judgment is affirmed.

LOCKWOOD, C. J., and McALISTER, J., concur.