[Civ. No. 557. Fourth Appellate District.—March 16, 1931.]

In the Matter of the Estate of GUY B. CHANDLER, Deceased. IRA J. CHANDLER et al., Respondents, v. CHRISTINA CHANDLER, etc., Appellant.

Harry Lyons and Swing & Wilson for Appellant.

D. Joseph Coyne for Respondents.

BARNARD, P. J.—Guy B. Chandler died intestate leaving, among other things, three pieces of real property which are described in the inventory and appraisement as parcels 1, 2 and 3. His heirs at law and next of kin are a son and a daughter by a former marriage, who are petitioners and respondents in this matter, and his widow, who is administratrix of his estate and the appellant herein. A return and report having been filed by a duly appointed inheritance

tax appraiser and appraiser for the estate, these petitioners filed objections thereto, and they also filed a petition for a partial distribution of said estate. The widow, individually and as administratrix filed an answer to said petition for partial distribution. By consent of the parties, these two matters were consolidated for hearing and were tried and heard at the same time. The question presented at this hearing was whether the estate left by the decedent was his separate property, or whether it was community property of himself and his wife. After a hearing, the court made findings by which it was found and adjudicated that the entire estate, except parcel 3 above referred to, was and is community property; that the said parcel 3 was the separate property of the decedent; that $11,021.58 of the community funds had been applied by the deceased toward paying off an encumbrance against said parcel 3 and in putting improvements thereon; that said amount so used in improving parcel 3 had lost its community character and has become and now is merged in the separate property of the decedent; and that the whole of said parcel 3, with the improvements thereon, is the separate property of the decedent. From the portion of this order holding that the community funds thus applied by decedent to the benefit and improvement of his separate property, has become merged in such separate property, and that the whole of said parcel 3, with the improvements thereon, constituted his separate property, the widow has taken this appeal.

The respondents first contend that this appeal may not be considered for the reason that no proper record is before this court, it being insisted that there is neither a properly settled bill of exceptions, nor a clerk's transcript accompanied by a reporter's transcript. The transcript before us consists of the report of the inheritance tax appraiser, the objections thereto, the petition for a partial distribution, the answer thereto, the findings of fact and conclusions of law, the order made and entered by the trial court, and the notice of appeal. It is certified by the clerk of the court as containing true copies of the original records in his office of the papers named, "constituting the judgment roll in said matter". The order made was an appealable order. The only question raised by appellant is a question of law, as to whether the portion of the order appealed

from is supported by the findings made. In such a case an appeal may be taken upon the judgment-roll alone. While the papers shown in the transcript here may not technically be called a judgment-roll, they are in the nature of a judgment-roll and are sufficient to present the question raised. (*In re Ryer*, 110 Cal. 556 [42 Pac. 1082].)

Respondents also insist that the court made no finding of fact to the effect that community funds to the amount of $11,021.58 had been used and applied by the deceased, to the benefit and improvement of said parcel 3, although they admit that statements to that effect are set forth under the heading of ''Conclusions of Law''. The record shows that one instrument was filed, headed ''Findings of Fact and Conclusions of Law'', which later contains the heading ''Conclusions of Law'', and under that heading appears the matter which is here questioned. While so headed, the court actually finds that such community funds amounting to $11,021.58 were used and applied for the benefit and improvement of parcel 3, and then as a conclusion of law, holds that such funds have lost their community character and have become merged in the separate property of the deceased. Regardless of its inclusion under the separate heading of ''Conclusions of Law'', this was a finding of fact. (*Lange* v. *Watters*, 156 Cal. 142 [19 Ann. Cas. 1207, 103 Pac. 889]; *Stanward* v. *Yellow Taxi Cab Co.*, 75 Cal. App. 96 [241 Pac. 902].)

The only question raised by appellant is whether or not a definite and ascertained amount of community property applied by a husband to the benefit and improvement of his separate property, becomes the separate property of the husband, where nothing else appears except the fact that it was so used. This question was decided in the case of *Provost* v. *Provost*, 102 Cal. App. 775 [283 Pac. 842], and we see no reason, either upon principle or authority, to hold otherwise. In that case, the court, after reviewing a number of cases in which it has been held that where a husband uses community property to improve the separate property of his wife, the title to the improvements follows the land, points out that such cases are based upon the proposition that since the husband has control of the community funds, if he voluntarily annexes them to the separate property of the wife, he will be presumed to have intended that the im-

provements thus made are to become a part of her separate property. The court then says: "To merely state the case where the facts are reversed and the husband has spent community funds in improving his own separate estate is to make manifest the palpable impropriety of applying these decided cases as precedents for holding that simply because community property is annexed to the separate property of one of the spouses, the whole is thereby for all purposes the separate property of that spouse. Since the facts are reversed, logic compels the conclusion that the community funds do not merge in the separate property where the husband has, without consent of the wife, improved his own separate property with that belonging to the community. To hold otherwise would be to permit the authority of the husband in controlling the community property, given him in the interest of greater freedom in its use and for its transfer for the benefit of both himself and wife, to become a weapon to be used by him to rob her of every vestige of interest in the community property with which the law has expressly invested her. Such a conclusion would violate every sense of justice, and outrage every principle of fair dealing known to the law."

In our opinion, it was error for the trial court, after finding that a definite and fixed amount from the community funds had been applied to the benefit and improvement of the separate property of the decedent, to hold that such funds had lost their community character and were merged into the separate property of the decedent, there being nothing to show that the wife had consented thereto.

The portion of the order appealed from is reversed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 15, 1931.