[Sac. No. 4415. In Bank.—August 15, 1931.]

PETER NORDQUIST, Appellant, v. E. A. MALMBERG, as Administrator, etc., Respondent.

G. B. Hjelm and Harold L. Hjelm for Appellant.

W. Coburn Cook for Respondent.

SEAWELL, J.—Appeal from a decree in favor of defendant administrator decreeing that certain real property situate in the city of Turlock and described in a certain deed executed by third parties in which the wife of appellant, since deceased, was named as the sole grantee, the purchase

price of which was paid by appellant husband, wa's a gift from said husband to his wife. Said real property when conveyed, November 17, 1917, was approximately of the value of $1200. The appellant, Peter Nordquist, and his deceased wife, Christina Nordquist, were of Swedish descent, if not of Swedish birth. They intermarried in Minnesota in 1915. The wife had been married twice before and the husband had been married once. Both had children by said former marriages. Both had small estates before intermarriage, ranging in value from $2,000 to $3,000, respectively. They moved from Minnesota to the city of Turlock, California, on October 10, 1917, and shortly after their arrival at Turlock entered into negotiations which terminated in the purchase, on November 17, 1917, of the home owned by Arvid Anderson and wife and situate in the city of Turlock at the price of $1200, the whole of which sum was the separate funds of appellant. The deed was duly recorded. Mrs. Nordquist was the aunt of Mrs. Anderson. Mrs. Nordquist was made the sole grantee in said deed. This was with the consent of appellant husband. About one year thereafter a second deed, describing the same premises, was executed by the Andersons to Mrs. Nordquist. This deed contained the clause ''as her sole and separate property''. Said second deed was made and executed without the knowledge of appellant. Said deed, however, upon being duly recorded was placed in a joint depository of said spouses, where it seemingly remained until Mrs. Nordquist's death, which occurred in 1926, approximately eight years after its execution. The real property in suit was inventoried as the separate property of decedent and by the decree of distribution appellant, as the heir of said decedent, was awarded a one-third interest therein. Appellant was not at any time represented by. counsel at said probate proceedings, and although present when the petition for distribution came before the court he made no objection thereto. The probate judge, nevertheless, thereafter, upon motion made by counsel retained by him, set aside said decree of distribution in order to give him an opportunity to litigate the merits of his claim to the effect that he had no intention of making a gift of said property to his wife, and inasmuch as he had paid from his separate estate the

whole consideration therefor a trust resulted in his favor, as provided by section 853 of the Civil Code.

■ Appellant testified that he had paid all taxes levied against the property during the eight years he and his wife resided thereon, and had made repairs to render the residence habitable in the sum of approximately $170. Such acts, although constituting acts of ownership, are not in every case sufficient to overcome the presumption of gift arising from relationship. (*Kimbro* v. *Kimbro,* 199 Cal. 344–347 [249 Pac. 180].) ■ Nor is the presumption that the property was intended as a gift to the wife as her separate property overcome or affected by the presumption arising by virtue of the facts recited in section 853 of the Civil Code. (*Alferitz* v. *Arrivillaga,* 143 Cal. 646 [77 Pac. 657]; *Faylor* v. *Faylor,* 136 Cal. 92 [68 Pac. 482]; *Hamilton* v. *Hubbard,* 134 Cal. 603 [65 Pac. 321, 66 Pac. 860]; *Kimbro* v. *Kimbro,* 199 Cal. 344 [249 Pac. 180].)

The sole question presented is as to the sufficiency of the inferences arising from the acts and the several major facts and circumstances disclosed by the transaction and offered in rebuttal of the testimony given by the appellant, the principal witness on his own behalf. While the way may have been open upon the record for the trial court to have decided the case either way, we cannot say that its findings are not supported by the evidence.

The court made several findings, but we deem it unnecessary to refer specifically to all of them inasmuch as the entire cause is ruled by the finding that the appellant by causing the deed of November 17, 1917, to be executed in favor of his said wife, thereby intended to make a gift to her of the real property therein described. We have given no probative value whatsoever to the second deed, and it is not regarded as an important factor in the case. The same may be said concerning the issues of estoppel and the statute of limitations.

Judgment affirmed.

Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.