[Sac. No. 4876.   In Bank.—February 28, 1935.]

J. H. HOLTZE, Respondent, v. LULU H. HOLTZE et al:, Appellants.

Mannon & Brazier for Appellants.

Taft & Spurr for Respondent.

LANGDON, J.—Plaintiff J. H. Holtze brought an action to secure a divorce and to determine an alleged interest in real property. Defendant Lulu H. Holtze answered, and cross-complained for a divorce. Defendant E. C. Cox answered and cross-complained to quiet title. The trial court denied a divorce to each spouse, but gave a decree in favor of plaintiff, declaring him to be the owner of an undivided one-third interest in certain lands. Defendants appealed.

That portion of the judgment which deals with the property interest is without support in the record. Some five parcels of land are involved. All interests therein belonged either to the defendant wife as her separate property, or to the defendant Cox, her son by a former marriage. Some of the interests came by deed from Mrs. Holtze's former husband; some of them by devise of said former husband to her and to her son; and some were purchased with separate funds, after Mrs. Holtze's marriage to plaintiff. On September 23, 1926, the properties were heavily involved with mortgages and an attachment, aggregating an indebtedness of about $40,000. On that date a deed of the land was made by Mrs. Holtze to E. C. Cox. Plaintiff alleged that at the time of the conveyance it was orally agreed that Cox was to hold the property in trust for all three parties.

The undisputed evidence establishes the separate character of the land conveyed to defendant Cox. Plaintiff admittedly performed some services and expended some money in improvements thereon prior to the making of the conveyance in 1926, but under the established rule in this state, improvements by a husband on the wife's separate property, made with community funds, do not give him any interest in the land itself. (See *Provost* v. *Provost,* 102 Cal.

568

App. 775, 779 [283 Pac. 842] ; 3 So. Cal. Law Rev. 226.)
Cox in accepting the conveyance, agreed to assume the heavy
indebtedness on the property, paid off a substantial part
thereof, and hence gave consideration for the transfer. The
case is not, therefore, one of a transfer of property to one
who gives no consideration, by or on behalf of one who has
given consideration or is the beneficial owner. There is
no basis for a resulting trust. ■ And, since the entire
transaction relied upon was oral, there cannot be an enforce-
able express trust in the lands. (Cal. Civ. Code, sec. 852.)
■ The only possible theory upon which plaintiff could
proceed would be that the parol promise was repudiated
under such circumstances as to justify the imposition of a
constructive trust. But the evidence wholly fails to support
such a theory. Plaintiff's own testimony is that the under-
standing was that defendant Cox was to take over the prop-
erty, all three parties were to devote their efforts to putting
it on a paying basis, and that if and when the property was
sold for a profit, that profit would be divided between the
three. He testified directly and repeatedly that he under-
stood he was to get no money and no interest in the prop-
erty unless and until it was sold at a profit. The property
has not been sold. It is quite evident, therefore, that the
alleged oral promise of E. C. Cox to divide the profits of
any resale with plaintiff and his wife has not been violated,
and the grounds for a constructive trust are entirely lacking.

The judgment appealed from gave plaintiff a legal one-
third interest in the lands as owner. This was clearly in-
correct. Plaintiff has no interest in the property either as
owner or as beneficiary of a trust, and as to that part of his
action he is entitled to no relief. Whether, at some future
time, in the event of a sale of the lands, he is entitled to
share in the profits, is a question not presented by pleading
or proof and is not before us.

■ With respect to the right to a divorce, plaintiff sued
on the ground of extreme cruelty. The defendant Mrs.
Holtze cross-complained charging wilful neglect. No very
strong attack is made on the judgment on this issue by
appellants, and we are satisfied that the judgment, in so far
as it denies a divorce to plaintiff and to said defendant,
must stand.

The judgment is reversed in part for the reasons heretofore stated, appellants to recover costs.

Preston, J., Waste, C. J., Curtis, J., Seawell, J., Shenk, J., and Thompson, J., concurred.

Rehearing denied.