[Civ. No. 12179. First Dist., Div. Two. Jan. 26, 1943.]

RICHARD J. WALSH, Appellant, v. MARY WALSH, Respondent.

Frank J. Comaich and Millington, Grover, Comaich & Baumgarten for Appellant.

James W. Harvey and Eric J. Robertson for Respondent.

NOURSE, P. J.—Plaintiff sued to impose a trust upon an undivided one-half interest in real property acquired by the parties in part while living together as husband and wife. The defendant filed a cross-complaint seeking to quiet her title to the same property. The judgment declared that the full title was in defendant and foreclosed the plaintiff from asserting any adverse interest.

Plaintiff's appeal from the judgment raises the question of the sufficiency of the evidence to support the judgment, and attacks the legal conclusions supporting the defendant's claim of exclusive right and title. While living together as husband and wife the parties agreed to purchase a parcel of unimproved real property, each to pay therefor out of their separate funds. The defendant made the down payment of $120 on a total purchase price of $1200. Then the parties separated. Thereafter the defendant arranged to complete the purchase—paid $530 of her own funds, took title in her own name, and gave a note and deed of trust for the balance. At this time the plaintiff gave to defendant a quitclaim deed to complete her title. The parties then became reconciled and prepared to improve the property for their family abode. Plaintiff paid to defendant a portion of the agreed purchase price

and advanced additional sums from time to time, and also contributed labor in the erection of a house and garage, and in the improvement of the premises. The parties again separated and this action was commenced on the theory that defendant held an undivided one-half interest in the property in trust for appellant.

The trial court found that the defendant took full title in her own name and as her separate property, that, while the parties were separated, the defendant commenced the construction of a dwelling house upon the property, which was "practically" completed at the time of the reconciliation; that thereafter the plaintiff gave to defendant $827 to apply upon the cost of the property and improvements, but at no time demanded a deed, or made any claim of a separate interest or paid his share of the cost of the premises. From these facts the trial court concluded that defendant held title as her separate property, and that all payments of money and all contributions of labor made by plaintiff were gifts to the defendant.

On this appeal the appellant does not contend that there is no evidence to support these findings, and such contention could not be made in view of the record. The evidence is found in the testimony of the respective parties which is just as conflicting as such testimony could be. Looking at this testimony in the light most favorable to the appellant it would appear that the parties first agreed to purchase the land for themselves, that appellant dropped out of the deal and conveyed all his interest to his wife, that the wife then commenced the construction of a home, that, when the parties were again reconciled, the appellant agreed to pay his share of the purchase price and of the improvements, which he did not do.

The questions of law involved do not require elaboration. There was no allegation or proof of fraud, undue influence, or mistake. There was no proof of a confidential relationship upon which a presumption of a resulting trust could be based, except the relationship of husband and wife. If this presumption is invoked upon a showing that the wife obtained an undue advantage from her husband, it would merely create a conflict in the evidence. Here proof of advantage gained is not clear. From all that appears the husband may have enjoyed full compensation, while living in the home, for the small portion of the purchase price he advanced.

But the rule of law which is controlling here is based upon

section 164 of the Civil Code, which declares that "whenever any real or personal property . . . is acquired by a married woman by an instrument in writing, the presumption is that the same is her separate property . . . ." (*Kimbro* v. *Kimbro,* 199 Cal. 344, 347 [249 P. 180], *Nordquist* v. *Malmberg,* 213 Cal. 394, 396 [2 P.2d 334].)

 It is equally well settled that improvements made upon the wife's separate property by the husband do not give him any interest in the property, and it is immaterial whether the advances so made are community funds or come from the separate property of the husband. *Holtze* v. *Holtze,* 2 Cal.2d 566, 567 [42 P.2d 323]; *Smith* v. *Smith,* 47 Cal.App. 650, 654 [191 P. 60]; *Provost* v. *Provost,* 102 Cal.App. 775, 780 [283 P. 842]. If the parties would prevent this result by special agreement such agreement must be clear and in no uncertain terms. Here the undisputed evidence is that no agreement was made after the reconciliation and after appellant quitclaimed to respondent. It was subsequent to that time that appellant's contributions in money and labor were made.

The judgment is affirmed.

Spence, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 25, 1943.