LUCILLE KURTH STRONG, complainant-respondent,

*v.*

JAMES H. STRONG and STRONGHOLD, INC., defendants-appellants.

[Submitted October term, 1944. Decided January 4th, 1945.]

*Mr. William Reich* and *Mr. Albert B. Kahn,* for the complainant-respondent.

*Mr. Amos M. Waln* and *Mr. Joseph J. Felcone,* for the defendants-appellants.

PER CURIAM.

The facts material to a decision of the case are stated in the opinion of the Vice-Chancellor and will not be repeated here further than to say that the original purchase price was checked by Mrs. Strong to the vendor directly from her bank

account; that the funds were placed there by the husband to enable her to acquire title in her name precisely as was done; that the record title was, by warranty deed without reservation or trust limitation, placed in Mrs. Strong with the full knowledge of and at the direction of her husband; that the title was conveyed out of Mrs. Strong and into the corporate defendant by the husband without the wife's knowledge under the authority of a power of attorney given by the wife to the husband to act as the wife's agent; and that the corporation is the creature of Mr. Strong brought into existence for the purpose of serving, and actually functioning, as a repository of his assets. On the present issues the corporation is Mr. Strong.

The cases on the general subject-matter were assembled by Vice-Chancellor Leaming in *Herbert* v. *Alvord, 75 N. J. Eq. 428,* and the pertinent principle was there epitomized as follows:

"Where one purchases property and pays the consideration therefor, and the conveyance of the legal title is taken in the name of a stranger, a trust will be presumed to have arisen in virtue of the transaction in favor of the person who has paid the consideration. This principle results from the equitable theory that the consideration draws to it the beneficial ownership. Where, however, the conveyance is not made to a stranger, but is made to a person whom the purchaser is under a legal obligation to maintain, such as a wife or child of the person who pays the price, the good consideration of blood or love and affection will support the conveyance, and no resulting trust will arise from the payment of the consideration. In such cases the presumption is that a settlement or advancement was intended. See *3 Pom. Eq. Jur.,* §§ *981, 1039.* But these presumptions may be overcome by evidence disclosing a contrary intention. Repeated adjudications in this state have defined the principles already stated and have also defined the proofs necessary to overthrow a presumed or resulting trust or to rebut the presumption of a gift or settlement in the case of a child or wife. The proofs, except as to acts or declarations of the party to be charged, must be of facts antecedent to or contemporaneous with the

purchase, or so immediately afterwards as to form a part of the *res gestæ*. The proofs must also be convincing and leave no reasonable doubt as to the intention of the party."

The proofs failed to convince the Court of Chancery, and fail to convince us, that the conveyance to Mrs. Strong was not, at the time, intended by all the parties to that transaction, including Mr. Strong, to have the legal effect incident to the terms of such a conveyance. The later improvements were placed upon the property by Mr. Strong of his own volition and with full knowledge of the status of the title and properly follow that title. *Selover* v. *Selover, 62 N. J. Eq. 761.* The conveyance by Strong, as his wife's agent, to himself was a misapplication of his agency power to his own enrichment and against his wife's interest and should not stand.

The decree in the Court of Chancery will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 13.

*For reversal*—None.