**262 P.2d 999**

**HESLIP v. HESLIP.**

**No. 7974.**

Supreme Court of Idaho.

Nov. 3, 1953.

James W. Wayne, Coeur d'Alene, Bandelin, Bandelin & Ponack, Sandpoint, for appellant.

Fred F. Kondo, Priest River, for respondent.

KEETON, Justice.

Mary Alice Heslip, plaintiff in the trial court, appellant here, brought an action for a divorce against Donald Earl Heslip, defendant in the trial court, respondent here, on statutory grounds of extreme cruelty. Issues were joined and decree of divorce granted her. Property of the parties was by the decree awarded and provision made for the support of a child the issue of the marriage.

Prior to the marriage, appellant had received as a gift from her father the NE¼ of the NE¼ of Section 27 Township 61 North Range 5 West of the Boise Meridian, and the NW¼ of the SE¼ of the NE¼ of Section 27 Township 61 North Range 5 West of the Boise Meridian. A part of this land was sold for the sum of $2,400. The land and the $2,400 so received are admittedly the separate property of appellant. The money received from the sale was expended, after the marriage, in the construction of a dwelling on part of the land above described.

In the construction of the dwelling respondent contributed an uncertain and undetermined, also undeterminable, amount from his separate estate. Certain community funds of an undertermined amount were also used in the improvement.

In the decree the court found certain personal property belonging to the parties to be community property, and also found the real estate above described to be community property, divided it as such, and awarded a one-third interest to respondent and a two-thirds interest to appellant, and further decreed:

"That the counsel for plaintiff * * * be and he is hereby awarded the sum of One Hundred Fifty ($150.00) Dollars as attorney's fees, and the counsel for defendant * * * be and he is hereby awarded the sum of One Hundred Fifty-five ($155.00) Dollars as attorney's fees. * * that the attorneys [naming them] shall have a lien upon the real estate belonging to the parties hereto for the unpaid portion of the attorneys' fees due them."

The real estate referred to was that above described.

Of the community personal property owned by the parties the court awarded the household furniture and appellant's personal effects to her; and awarded a Chevrolet pickup and some personal property used in respondent's business as a packer and trapper to him.

Appellant appeals from all parts of the decree except the part which granted appellant a decree of divorce.

In specifications of error, appellant contends that the court erred in the division

of the property and particularly the real estate; that the dwelling house and real estate could not be divided by the court as community property; that such real estate with all improvements was the separate property of the wife, not subject to community division; that the personal property was not equitably divided; that the court in determining the property rights of the parties, in effect, offset the value of the separate property of the wife against the community property awarded to the husband.

■ Under prescribed conditions enumerated in Secs. 32–704 and 32–706, I.C., the court may require the husband to pay alimony and money necessary to enable the wife to support herself or their children, or to prosecute or defend a divorce action. Resort may be had, under certain conditions, to the separate property of the husband. We know of no provision or authority, and none has been called to our attention, where the separate property of the wife, or real estate awarded to her in a divorce action, could be made subject to, and liable for, attorney fees contracted by the husband.

■ Law and custom require the husband, when able, to support the wife and the children the issue of the marriage, and ordinarily the wife is not required to pay his bills or support him. Hampshire v. Hampshire, 70 Idaho 522, 223 P.2d 950, 21 A.L.R.2d 1159.

■ The measure and mode of compensation for attorneys is a matter for agreement between the attorney and client. While the trial judge could, in this case he did not, require the husband to pay the attorney fees of the wife. As this was not done, there was no occasion to fix any attorney fees. Section 3–205, I.C., providing a lien for attorneys upon a client's cause of action, which attaches to the judgment, is not here involved.

■ We therefore conclude that the part of the decree which fixed the amount of the attorney fees for each party and decreed that the attorneys should have a lien for the attorney fees so fixed on the wife's separate real estate, cannot be sustained and should be stricken from the decree in its entirety.

The husband had, or acquired, subsequent to the marriage, certain separate property which was partially expended in the construction of the dwelling and augmented the value of the wife's separate real estate. Other sums derived from the husband's separate estate were used for family support, doctor bills and other purposes. No finding was made by the court of the amount of separate funds of the husband that were expended in the construction of the dwelling on the wife's separate estate.

■ By reason of the community funds expended in the construction of the dwelling, and also some limited separate funds expended by respondent for a like purpose,

it is the contention of respondent that he had an interest equivalent to one-third of the real estate of appellant. Respondent (husband) cannot claim an interest in, or a lien on, the wife's separate property for money expended in the support of the wife, himself or their child, even though the money was derived from separate estate. If he were allowed to claim an interest in her separate real estate because of such support, it would, in effect, require her to support, or partially support, herself, their child, and him out of her separate property.

When a divorce is granted on the ground of extreme cruelty, the community property of the parties may be assigned by the court granting the decree to the respective parties, as the court, from all the facts of the case and conditions of the parties, deems just. Sec. 32–712, I.C. The court has the power under said section to divide the community property between the parties, but has no power or authority to award the wife's separate property, or any part of it, to the husband.

We are not here concerned with the title to personal property which was purchased, acquired or owned by the husband and wife, with determinable amounts expended by each from separate estate, or with separate funds commingled with community property; nor are we here concerned with what the rights might be of creditors, lienholders or other third persons claiming rights against the wife's property.

We are here dealing with real estate admittedly the separate property of the wife, on which improvements have been placed mainly from her separate funds, some separate property of the husband, and from community property of the parties.

Expenditure by the husband of either his separate funds or the community funds of himself and wife in improving the wife's separate property does not operate to change the title; as between them, in the absence of specific agreement, or statutory authorization, title to the improvements follows the land. The presumption is that in the absence of agreement it was the intention of the husband to advance money for the benefit of the wife's separate estate. Lombardi v. Lombardi, 44 Nev. 314, 195 P. 93, 94. In this case the Court held:

"On divorce the husband who has spent his separate funds in improving his wife's realty cannot successfully contend that, inasmuch as the improvements were made with the wife's knowledge and approval, a promise on her part to pay what they were reasonably worth is implied."

In Ammerman v. Crozier, 37 Ariz. 181, 291 P. 995, the Court held:

"Wife's separate property did not become community property, notwithstanding husband satisfied mortgage from separate fund and contributed labor in improving property, in absence of agreement."

With certain exceptions not applicable here, the rule above stated seems to be practically universal. A review or citation of all the authorities would unduly prolong this opinion. See the following cases in point: Larson v. Carter, 14 Idaho 511, 94 P. 825; Smiley v. Smiley, 46 Idaho 588, 269 P. 589; Strong v. Strong, 136 N.J.Eq. 103, 40 A.2d 548; Cary v. Cary, 159 Or. 578, 80 P.2d 886, 121 A.L.R. 1371; Holtze v. Holtze, 2 Cal.2d 566, 42 P.2d 323; Dunn v. Mullan, 211 Cal. 583, 296 P. 604, 77 A.L.R. 1015; Eaton v. Davis, 165 Va. 313, 182 S.E. 229; Shaw v. Bernal, 163 Cal. 262, 124 P. 1012; Chandler v. Chandler, 112 Cal.App. 601, 297 P. 636; Provost v. Provost, 102 Cal.App. 775, 283 P. 842; Leach v. Leach, 167 Minn. 489, 209 N.W. 636; Brown v. Brown, 58 Ariz. 333, 119 P.2d 938; Lovin v. Woodward, 45 Ariz. 105, 40 P.2d 102; Walsh v. Walsh, 56 Cal. App.2d 801, 133 P.2d 416; Seligman v. Seligman, 85 Cal.App. 683, 259 P. 984; 41 C.J.S., Husband and Wife, § 479, Subd. g, page 1019; 11 Am.Jur. 199, Secs. 39 and 40.

The rights of the wife where a husband improves his own separate property with funds belonging to the community present an entirely different proposition than where the improvements are placed on the wife's separate property. The husband has the management and control of the community estate. The rights of the wife, where the value of the husband's separate estate is enhanced by the expenditure of community funds, are discussed in Provost v. Provost, 102 Cal.App. 775, 283 P. 842.

It is impossible from a reading of the transcript to determine the exact value of the community personal property awarded to appellant, and that awarded to respondent. However viewing the evidence as to value in the light most favorable to appellant, it is very apparent that the value of the personal property awarded respondent was greater than that awarded to appellant.

To more equitably distribute the community personal property, we conclude that the sum of $150 awarded appellant's counsel in the decree should be paid by respondent, and an order should be entered requiring him to pay appellant that amount. Sec. 32–714, I.C.

That part of the decree placing a lien on the wife's separate real estate for attorney fees of the parties contracted for the litigation is reversed and set aside; that part of the decree awarding the husband a one-third interest in the separate estate of the wife is reversed, with instructions to the trial court to amend the decree in this regard, awarding the real estate, with improvements thereon, to the wife, subject to her sole and separate disposition; that part of the decree dividing the community personal property is modified as above indicated. In other respects the decree is

affirmed. The trial court will make the corrections in accordance with this opinion. Costs to appellant.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.