[No. 5468.]

MARTHA L. MARTIN and ELLA K. MARTIN, an INFANT, BY GILES N. FREEMAN, HER GUARDIAN, v. JOHN E. MARTIN AND RUTH K. MARTIN.

SEPARATE PROPERTY OF HUSBAND OR WIFE. — If the husband purchases land on credit, and afterwards pays a portion of the price with his separate property, and he and his wife secure the remainder of the purchase-price with their joint note, and a mortgage on the same, and he then sells a part of the land at a profit, and with a part of the proceeds pays the note, and with the remainder, increased by some of his separate property, builds a house on the land not sold, the land not sold, and the house thereon, are the separate property of the husband.

APPEAL from the District Court, Sixth Judicial District, County of Yolo.

Ejectment to recover possession of a lot of land in Prynum's Addition to the Town of Woodland, Yolo County, one hundred

and ten feet front by one hundred and forty-seven and a half feet deep.

The defendants were husband and wife, and the plaintiffs were the children of the husband by a former wife. The husband, after his marriage with the other defendant, bought a tract of land of which the demanded premises formed a part. The land was bought on credit for eleven hundred dollars. Soon after, the husband paid four hundred dollars in money— his separate property—on the purchase, and he and his wife borrowed money enough to pay the remainder of the purchase-price, and gave their joint note for the same, secured by a mortgage on the land. The husband afterwards sold all the land, except the demanded premises, for money sufficient to pay the note, and for six hundred dollars more, and paid the note. He then put fourteen hundred dollars in money—his separate property—with the six hundred, and built a house on the demanded premises. In 1874, the husband, without the knowledge or consent of the wife, conveyed the demanded premises to the plaintiffs, in consideration of love and affection. He was then living in the house with his wife and daughter. In 1875, he left the premises with his daughter, but his wife continued to reside in the house, and it was the only real estate owned by defendants, and the only residence furnished by the plaintiff for his wife. The defendants recovered judgment in the Court below, and the plaintiffs appealed.

*S. Solon Hall*, for the Appellants.

All the property owned by the husband before marriage, and that acquired afterward by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is his separate property. (Civil Code, sec. 163; *Lewis & Chard* v. *Johns*, 24 Cal. 98.) Property purchased during marriage with the separate funds of husband or wife constitutes it separate property. (*Ramsdell* v. *Fuller*, 28 Cal. 37.)

*Curtis & Clunie,* for the Respondents.

A donation will be void if the donor divests himself of all his property and does not reserve enough for his own subsistence. (Civil Code, sec. 155; 11 Robinson, 302.)

The property in suit is the only property owned by defendants, or in which they or either of them have any interest. The defendants are husband and wife. They selected this property as a home for themselves. The land in controversy and five hundred and forty-five dollars used toward the construction of the house built thereon was the profits of a joint speculation of the husband and wife after marriage. The deed to plaintiffs, if a deed it be in law, was in fraud of the rights of the wife—the plaintiffs not being innocent purchasers, paying no consideration therefor.

By the COURT:

The property sought to be recovered was the separate property of the defendant, John E. Martin, when he made the deed of gift to the plaintiff.

All the money paid for the lands was the separate property of John E. Martin. As the property was originally sold on credit to John E., the circumstance that Ruth K. (who had no interest in the property) executed the note with John E. on which he borrowed a portion of the sum paid, and the mortgage to secure the same, cannot affect the rights of the parties.

It is not necessary to decide whether the *profits* derived from the sale by John E. of portions of the property purchased by him were common property.

Judgment and order reversed and cause remanded for a new trial.