[L. A. No. 3666. In Bank.—July 23, 1915.]

In the Matter of the Estate of HENRY L. GOLD, Deceased. PHIL H. GOLD et al., Appellants, v. FRANCES S. GOLD, as Administratrix, et al., Respondents.

HUSBAND AND WIFE—COMMUNITY PROPERTY—PARTNERSHIP PROFITS—
FORMATION OF PARTNERSHIP BEFORE MARRIAGE.—Where a business has been carried on and capital invested therein by a man before his marriage, the entire profits therefrom, after marriage, are not necessarily separate property of the husband. The interest of the husband in the capital of the partnership, as it was at the time of his marriage, is the husband's separate property, but the question as to what part of the subsequent profits arises from the use of this capital and what part from the personal activity, ability, and capacity of the husband, is to be determined by the court from the circumstances appearing in the case, and whatever accrues from the latter source is community property, and the remaining profits must be classed as his separate estate.

ID.—PROFITS FROM GAMBLING PARTNERSHIP—COMMUNITY PROPERTY.—
Where a partnership was formed by a man prior to his marriage to carry on the business of conducting a saloon and gambling, but the bulk of profits was made after his marriage (almost the entire profits being derived from the gambling business), and it appears that it was the practice of the partners to deposit the firm money in bank and when the decedent's partner needed money with which to gamble he would take it from the bank and when the, games were concluded, would deposit the gains to the partnership account, under the facts there was no intent on the part of the decedent's partner to make a gift to him, and the contention that because the gambling business was unlawful and therefore the decedent had no

legal right to the profits therefrom, his partner was under no legal obligation to turn any part over to him, and they must, therefore, be considered as a gift, and consequently as separate property, cannot be maintained. The agreement of decedent's partner to pay half the profits to him, which he carried out, whether legally good or not, was supported by a sufficient consideration, that is, the decedent's services in running the saloon, and under section 164 of the Civil Code the profits accruing during the decedent's marriage was community property.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

H. G. W. Dinkelspiel, John R. Jones, and W. B. Beaizley, for Appellants.

Borton & Theile, for Respondents.

SHAW, J.—This was a proceeding under section 1664 of the Code of Civil Procedure to determine the heirship of the estate of Henry L. Gold, deceased, and the several rights and interests therein of the persons claiming to inherit the same.

The appeal was from the entire judgment, but in pursuance of a stipulation of the parties, the appeal was dismissed as to that part of the judgment determining heirship and adjudging certain of the property to be the separate property of Gold. The sole question presented is whether or not the decision of the court below is correct, in so far as it declared that certain property belonging to the estate of said Henry L. Gold, deceased, was community property of Gold and his wife, Frances S. Gold. Of this property the appellants concede that eleven parcels were community property. The controversy is confined to the remaining parcels.

Henry L. Gold died intestate on January 17, 1908. It appears that in January, 1898, Gold formed a partnership with one Sullivan, to carry on the business of conducting a saloon and gambling. The property in controversy was all derived from the profits of this business. The portion thereof resulting from the profits of the saloon, as distinguished from the profits of gambling, is comparatively insignificant and we find it unnecessary to consider the question with respect to the

saloon profits alone. Henry L. Gold married Frances S. Gold on May 16, 1903. The main inquiry relates to the question whether this property declared to be community property, was acquired by Henry L. Gold before, or after, the said marriage. Gold and his wife had no children, and he left no issue. The plaintiffs are his collateral relations, entitled to inherit from him as such.

The plaintiffs claim that Gold's share of the partnership profits made after the marriage became Gold's separate property by reason of the fact that the partnership was formed prior to the marriage. Where a business has been carried on and capital has been invested therein before marriage, the entire profits therefrom, after marriage, are not necessarily separate property of the husband. The rules regarding the character of such property were considered in *Pereira* v. *Pereira,* 156 Cal. 1, [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac. 488]. The principle there stated is that the interest of the husband in the capital of the partnership, as it was at the time of his marriage, is the husband's separate property, and that the question what part of the subsequent profits arises from the use of this capital, and what part from the personal activity, ability, and capacity of the husband, is to be determined by the court from the circumstances appearing in the case, that whatever accrues from the latter source is community property, and that the remaining profits must be classed as separate estate. The plaintiffs are in error in their contention that the court erred in not declaring all the property derived from the profits of the partnership after marriage to be separate property.

It appears that the bulk of the profits made after the marriage of Gold were derived from the winnings of Sullivan in gambling. It is conceded that this part of the business was unlawful, and upon this fact plaintiffs claim that Gold had no legal right thereto; that Sullivan was under no obligation to turn any part of such profits over to Gold, and hence that they must be considered a gift from Sullivan to Gold, and consequently, the separate property of Gold. The money of the firm was deposited in a bank. When Sullivan needed money with which to gamble, he would take it from the bank and when the games were concluded, he would deposit to the partnership account his gains therefrom. Whether he was under obligation to do this or not, the fact

remains that he did so. There was no intent by Sullivan to make a gift to Gold. There was an agreement by him to pay half the profits to Gold, an agreement which he recognized as binding and which he faithfully carried out, whether legally good or not. He paid Gold this part of his gambling profits in return for the services of Gold in running the saloon, and thus attracting thereto the class of persons likely to engage in the games Sullivan was carrying on. There was a consideration rendered by Gold. The part of the profits turned over to him was not a gift. It was property acquired by the husband during marriage otherwise than by gift, bequest, devise, or descent, and therefore, under section 163 of the Civil Code, it is not his separate property, but, under section 164, it is community property of the marriage. The plaintiffs, therefore, cannot rightfully complain of the action of the court in holding property so acquired to be community property.

The proposition we have just stated is the main issue presented by the appeal. It establishes the *status* of parcel number 20 of those involved in this appeal as community property, in accordance with the findings of the court. With respect to the remaining parcels, other than number 19, it is sufficient to say that the evidence sustains the findings of the court that they were community property of Gold.

Parcel number 19 consisted of three hundred and fifty shares of the capital stock of the Sunset-Monarch Oil Company. The evidence as to this property is vague and leaves it in some doubt whether it was acquired before or after the marriage of Gold and, indeed, whether the property has not been sold for stock assessments so that it does not belong to the estate at all. Inasmuch as appellant refers to no evidence regarding it and makes no argument other than the bald statement that all the property was separate property of Gold, we are indisposed to disturb the finding. As above stated, the entire controversy presented on the appeal is the question whether or not the property acquired by Gold as the result of gambling by Sullivan, is in the nature of a gift, and separate estate. Upon the case as presented, we think the judgment should be allowed to stand.

The judgment is affirmed.

Sloss, J., Melvin J., Henshaw, J., Lorigan, J., Lawlor, J., and Angellotti, C. J., concurred.