[Civ. No. 10840.   First Appellate District, Division Two.—June 13, 1939.]

WILLIAM F. WEDEMEYER, Respondent, v. KATE EL-MER, as Executrix, etc., Appellant.

Walter H. Duane for Appellant.

O'Brien, Dibert & Acton and Lillian M. Wollitz for Respondent.

SPENCE, J.—Plaintiff, the surviving husband of Georgie Wedemeyer, deceased, brought this action against defendant, as executrix, seeking to quiet title to an undivided one-half interest in two parcels of real property. One of said parcels was located in the city and county of San Francisco and the other was located in the county of Santa Cruz. It was the claim of plaintiff that both parcels were the community property of plaintiff and the deceased. The trial court found in favor of plaintiff's claim and entered judgment quieting plaintiff's title to an undivided one-half interest in both parcels. Defendant appeals from said judgment.

It was conceded at all times by defendant that the Santa Cruz property was community property and while this appeal was taken from the entire judgment, no claim is here made that the judgment is erroneous in so far as it affects said Santa Cruz property. The controversy is therefore narrowed to the attack made upon the portion of the judgment relating to the San Francisco property.

Plaintiff and the deceased were married in 1912 and lived happily together on the San Francisco property from that time until the death of the deceased in 1936. Said property consisted of a lot improved with a building consisting of four flats. Prior to the time of the marriage, deceased had purchased said lot and had caused the improvements to be erected thereon. The property was subject to a mortgage in the sum of $6,000 at the time of the marriage. Plaintiff and deceased lived in one of said flats and deceased collected the rentals from the other flats during the entire period of her married life. The total rentals from the other flats averaged from $60 to $70 per month throughout that entire period. At the time of the death of the deceased, the unpaid balance on the mortgage amounted to $1975.

Plaintiff was a fireman in the San Francisco Fire Department and was earning $120 per month at the time of the marriage. He was so employed until 1930 during which time his earnings had gradually increased to $200 per month. He was retired in 1930 and thereafter received a monthly pension of $100 per month.

Plaintiff testified that all of his earnings were turned over to his wife and that said earnings, together with the rentals from said San Francisco property, were kept in a bank account in his wife's name. He further testified that the pro-

ceeds from the sale of certain property which he had inherited, amounting to $2,800 on one sale and $1,000 on another sale, were likewise turned over to his wife and placed in the same bank account. The funds in said account were used to pay living expenses, to acquire two other parcels of real estate consisting of the Santa Cruz property above mentioned and another parcel located in San Francisco, and for the payment of expenses in connection with the parcel in controversy including payments of interest and principal on the mortgage. It is apparently conceded by all concerned that the two parcels acquired during the married life of the parties were community property. However, the second San Francisco parcel is not involved in this litigation. Plaintiff did not disclose the amount of the purchase price of either parcel which was acquired during the married life of the parties.

The San Francisco property which is the subject of this controversy was indisputably the separate property of the deceased at the time of her marriage to plaintiff. The sole question on this appeal is whether there is any evidence to sustain the trial court's finding that said property was the community property of the spouses at the time of the death of the deceased. Defendant contends that the evidence was insufficient for that purpose and, in our opinion, this contention must be sustained.

It appears from the evidence that the proceeds of said property, over the period of twenty-four years, were more than ample to pay all of the expenditures connected with said property including the payments of interest and principal, by which the mortgage thereon was reduced from $6,000 to $1975. It is apparently plaintiff's theory, however, that community property and separate property of plaintiff were used for the purpose of making the payments on said mortgage, in whole or in part, and that therefore the said property was transmuted into community property. Assuming that there was sufficient evidence to support the foregoing premise, we cannot agree with plaintiff's conclusion. There was no evidence of any specific agreement to transmute said separate property of the wife into community property and such an agreement may not be implied from the mere payment of the mortgage thereon with community funds or with separate funds of the husband. (*Holtze* v. *Holtze,* 2 Cal. (2d) 566 [42 Pac. (2d) 323]; *Dunn* v. *Mullan,* 211 Cal. 583 [296 Pac. 604, 77 A. L. R. 1015]; *Shaw* v. *Bernal,* 163 Cal. 262 [124

Pac. 1012]; *Callnon* v. *Callnon,* 7 Cal. App. (2d) 676 [46 Pac. (2d) 988]; *Smith* v. *Smith,* 47 Cal. App. 650 [191 Pac. 60]; *Carlson* v. *Carlson,* 10 Cal. App. 300 [101 Pac. 923].)

Plaintiff cites several cases in which the property in question was acquired by the wife after marriage. In these cases the question involved was that of the intention of the parties with respect to the character of the property at the time of acquisition. Such cases are obviously not in point. Plaintiff further cites certain cases in which community funds were expended upon property which was claimed to be the separate property of the husband. But the rules applicable in such cases are different from the rules applicable where community funds are expended upon the separate property of the wife. (*Dunn* v. *Mullan, supra; Callnon* v. *Callnon, supra; Provost* v. *Provost,* 102 Cal. App. 775 [283 Pac. 842].)

Plaintiff further stresses the fact that he joined from time to time in executing renewal notes and mortgages on said property. As the property was admittedly acquired by the wife as her separate property before her marriage to plaintiff, the joining by plaintiff in the execution of said renewal notes and mortgages could not affect the rights of the parties. (*Martin* v. *Martin,* 52 Cal. 235.)

The judgment is reversed in so far as it relates to the property located in the city and county of San Francisco, being the property designated in said judgment as "Parcel No. 1", and said judgment is affirmed in so far as it relates to the property located in the county of Santa Cruz, being the property designated in said judgment as "Parcel No. 2". Defendant will recover costs on appeal.

Nourse, P. J., and Sturtevant, J., concurred.