OPINION. Arundell, Judge-. Section 161 (a) of the California Civil Code, effective July 29, 1927, conferred upon the wife such an interest in community property as to make community income thereafter received taxable one-half to each spouse. United States v. Malcolm, 282 U. S. 792. Where income arises in part from separate capital and in part from personal services, an allocation is necessary. Julius Shafer, 2 B. T. A. 640; Pereira v. Pereira, 103 Pac. 488. The Commissioner has made such an allocation in this case based upon the principles laid down in G. C. M. 9825, C. B. X-2, p. 146, approved in Clara B. Parker, 31 B. T. A. 644. Briefly, he has determined that of the profits distributable to each petitioner for the years involved, in the approximate amount of $46,000 and $55,000, approximately $19,500 and $20,400 represented income from services, taxable to the husband and wife in equal shares. The petitioners attack this allocation, seeking to increase the amounts representing income from services. There is no evidence in the reoord to indicate that the amounts determined by the respondent are unreasonable compensation for the services rendered the partnership, nor is this contention made. The sole argument is that the law of California demands a different determination. The petitioners argue that only such part of the net distributive profits as would be equal to a fair return on the investment as it existed at the close of 1935 was the separate property of the petitioners. In making this argument they rely upon a group of California cases dealing with the respective rights of husband and wife upon the termination of the community. In Pereira v. Pereira, supra, it was held, upon appeal from an interlocutory decree of divorce, that the husband was entitled to some return on his separate capital. The court said: “The probable contribution of the capital to the income should have been determined from all the circumstances of the case, and, as the business was profitable, it would amount at least to the usual interest on a long investment well secured.” In re McCarthy’s Estate, 15 Pac. (2d) 223, stated the rule as follows: It is the rule that, where at the time of his marriage the husband has a definite amount of his separate property invested as capital in his business, which he continues to conduct, the entire profits therefrom are not necessarily his separate property, but may be the result of his energy and ability. Estate of Gold, 170 Cal. 621, 151 P. 12. In determining what portion of such profits is community property, while it must be presumed, in the absence of evidence, that some thereof were due to the capital invested, and would equal at least the usual interest on a long-term investment well secured, yet, if the husband claims that his capital was entitled to a greater return than legal interest, the burden of showing the fact rests upon him. * * * From this the petitioners contend that the burden is upon the respondent to establish that a greater amount than the legal rate of interest constituted separate property of the petitioners; failing which, all amounts in excess of 7 percent of the investment as it existed at the close of 1935 represented compensation for services. Aside from the fact that this contention urged an unusual way of computing a reasonable salary allowance, we think that the burden can not be so shifted to the Commissioner. His determination effectually overcomes the ordinary presumptions of law, and the petitioners continue to have the duty of going forward with their proof. Shea v. Commissioner, 81 Fed. (2d) 937. This duty the petitioners have completely neglected, by reason of which the determination of the Commissioner must stand. Decisions will be entered under Bule 50.