LAWRENCE OLIVER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 111745.   Promulgated January 31, 1945.

*Raymond C. Sandler, Esq.,* and *Nathan Schwartz, Esq.,* for the petitioner.

*Byron M. Coon, Esq.,* for the respondent.

capable of being stated in definite terms of money." Cf. *Ithaca Trust Co.* v. *United States, supra.* "Introducing the element of the widow's happiness and instructing the trustee to exercise its discretion with liberality to make her wishes prior to the claims of residuary beneficiaries brought into the calculation elements of speculation too large to be overcome, notwithstanding the widow's previous mode of life was modest and her own resources substantial. * * *"

688

## OPINION.

Hill, *Judge*: This proceeding involves income taxes for 1938 and 1939. The respondent determined deficiencies in petitioner's income tax as a result of reducing the amount of the community income of petitioner and wife as claimed by him in his income tax returns and correspondingly increasing his separate income. The petitioner now claims an overpayment in tax for each of the years for failure to allocate a sufficient portion of the income of the business to services rendered by him therein and consequently community income, only one-half of which was taxable to him.

At July 29, 1927, all of the capital employed in petitioner's business and represented in his investments was, for the purposes of Federal income tax, his separate property. *Hirsch* v. *United States*, 62 Fed. (2d) 128; *Clara B. Parker, Executrix*, 31 B. T. A. 644, 656. From that date forward the management, activities, and skill of petitioner

constituted the principal contribution to the earnings of the business. It is clear, therefore, that the income from the business from the above date through the years 1938 and 1939 embraced both separate and community income. To a large extent such income was either retained for use as capital in the business or was withdrawn for outside investments, part of the latter being income producing and part nonincome producing.

Petitioner contends that 6 percent of the business capital represents the amount of the business income properly attributable to capital and that the income so attributable is separate and community income in the proportions of the separate and community character of such capital. The remainder of such business income, as petitioner contends, is properly attributable to petitioner's services in the management and operation of the business and hence is community income. Respondent's contention is that only the fair and reasonable compensation for petitioner's services in the conduct of the business is the proper measure of the community portion of the business income and that the remainder of such income is attributable to capital. Respondent claims that in determining the deficiencies in conformity with his stated contention he determined a fair and reasonable compensation for such services of petitioner and consequently properly determined the amounts of the community and separate income.

It will be observed that the parties agree that the business income is attributable in part to capital and in part to petitioner's services. They disagree as to the proportions of such attributions. In order to determine what proportion of the income involved for each of the years 1938 and 1939 was the separate income of petitioner and what proportion was community income it is necessary to determine a proper basis of allocation between separate and community income throughout the period from July 29, 1927, through 1939, and also to compute the addition of community income to the capital of the business yearly for such period as well as the relative amounts of separate and community income from the investments outside of the business. *Pereira* v. *Pereira*, 103 Pac. 488; 156 Cal. 1; *In re McCarthy's Estate*, 15 Pac. (2d) 223; 127 Cal. App. 80; *Estate of Gold*, 151 Pac. 12; 170 Cal. 621; *In re Caswell's Estate*, 288 Pac. 102; 105 Cal. App. 475. In such allocation the portion to be attributed to capital should amount at least to the usual interest on a long term, well secured investment and the remainder should be attributed to services. *Pereira* v. *Pereira*, *supra; McDuff* v. *McDuff*, 191 Pac. 957; 48 Cal. App. 175. Cf. *Herbert L. Damner*, 3 T. C. 638, and *Clara B. Parker, Executrix, supra* (p. 658).

The facts in the instant proceeding are sufficiently analogous to those in the *Pereira*, *Gold*, and *Caswell* cases above cited to warrant us in adopting in this case the principal of the formula of the allocation

therein applied. The Supreme Court of California in the *Pereira* case said:

> \* \* \* the decision of the court was made upon the theory that all of his gains received after marriage, from whatever sources, were to be classed as community property, and that no allowance was made in favor of his separate estate on account of interest or profit on the $15,500 invested in the business at the time of the marriage. This capital was undoubtedly his separate estate. The fund remained in the business after marriage and was used by him in carrying it on. The separate property should have been credited with some amount as profit on this capital. It was not a losing business, but a very profitable one. It is true that it is very clearly shown that the principal part of the large income was due to the personal character, energy, ability and capacity of the husband. This share of the earnings was, of course, community property; but without capital he could not have carried on the business. In the absence of circumstances showing a different result it is to be presumed that some of the profits were justly due to the capital invested. There is nothing to show that all of it was due to defendant's [husband's] efforts alone. The probable contribution of the capital to the income should have been determined from all the circumstances of the case and as the business was profitable, it would amount at least to the usual interest on a long investment well secured. [Citing cases.]

The court, on rehearing, approved a 7 percent return on the capital invested in the business as the profit attributable thereto.

In *In re McCarthy's Estate, supra,* the court stated the rule as follows:

> It is the rule that where at the time of his marriage the husband has a definite amount of his separate property invested as capital in his business which he continues to conduct, the entire profits therefrom are not necessarily his separate property but may be the result of his energy and ability. *Estate of Gold,* 170 Cal. 621, 151 Pac. 12. In determining what portion of such profits is community property, while it must be presumed in the absence of evidence that some thereof were due to the capital invested and would equal at least the usual interest on a long term investment well secured, yet, if the husband claims that his capital was entitled to a greater return than legal interest, the burden of showing the fact rests upon him. [Citing cases.]

We hold that the income from petitioner's business from and after July 29, 1927, through 1939 should be apportioned between the capital invested and his services; that the apportionment to capital should be an amount equal to 7 percent of such capital, and that the remainder of the business income should be apportioned to petitioner's services in conducting such business. The latter is community income and the former is separate and community income in the proportions that the capital comprises separate and community property.

Investments from withdrawals from the business accumulated prior to July 29, 1927, together with the issues and profits thereof, are the separate property of petitioner. Investments from withdrawals from the business accumulated subsequent to July 29, 1927, together with the issues and profits thereof, are the separate property of the petitioner and the community property of petitioner and wife in the pro-

portions of the separate income from the business to the community income therefrom as hereinabove allocated.

We have found that petitioner drew certain sums of money from the earnings of the business for living expenses and support of himself and family. There is no showing that such withdrawals were from petitioner's separate property. We hold, therefore, that such withdrawals are chargeable to the community earnings. *In re Cudworth's Estate*, 65 Pac. 1041.

*Decision will be entered under Rule 50.*