[Civ. No. 25084. Second Dist., Div. Two. May 11, 1961.]

SADIE V. KERSHMAN, Respondent, v. PHILIP KERSHMAN, Appellant.

Brian J. Kennedy and Vincent E. Lumbleau for Appellant.

Erb, French & Picone for Respondent.

FOX, P. J.—This is an appeal by defendant Philip Kershman from an interlocutory judgment of divorce. He does not complain of that segment of the judgment granting plaintiff, Sadie Kershman, the divorce, but only of that part which determines that certain real property and securities are the separate property of plaintiff.

The parties are described in both briefs as mature persons. They were married December 24, 1950, and separated October 24, 1958. At the time of the marriage, plaintiff owned a piece of improved real property in Los Angeles known as 1630 North Genessee Street, where the parties made their home. Plaintiff also owned, at the time of the marriage, shares of stock in numerous corporations. It is these assets in which defendant claims to have acquired a community property interest during the course of the marriage.

We will first consider the securities. At all times they stood in the former married name of plaintiff. From the only testimony available it appears that all purchases during marriage were made from the proceeds of the sale of other of plaintiff's stock, from dividends thereon, or from loans for which plaintiff's stocks were pledged as security. We are cited to no evidence demonstrating that community funds were invested in securities. It is axiomatic that the proceeds of the separate property of the wife are her separate property (Civ. Code, § 162), and the same is true with respect to the enhancement in value of separate property that takes place as a result of an enhancement of values generally. (See *McDuff* v. *McDuff,* 48 Cal.App. 175 [191 P. 957]; *Gump* v. *Commissioner of Internal Revenue,* 124 F.2d 540.)

Defendant argues that part of the proceeds of the stock investments and a portion of their enhanced value are due to the personal skill and effort of plaintiff in choosing investments and analyzing the stock market. He asserts that much time was spent by plaintiff in this regard, and that this community effort should have been reflected in the judgment of the trial court. But the only testimony on the subject indicates that plaintiff actually spent very little time in the management of her securities. She testified that she read the Wall Street Journal for a half hour almost every day; that she did not have daily transactions; that once a year she would call her broker who would tell her what to buy; in 1953 she made no purchases; in 1954 she spent about two hours buying stocks; and in 1958 her broker told her to switch to Corn Products. Thus it is apparent, from the only evidence available, that plaintiff spent very little time in the management of her securities. To the extent that her skill and effort can be said to have contributed to the enhanced value of the securities, the amount of that contribution would be so small compared to the factors of income and natural appreciation that it is not worthy of consideration. When the community factor in commingled separate and community property is inconsiderable in amount compared with the separate property contribution, then the whole will be treated as separate property. (See *Estate of Cudworth,* 133 Cal.2d 462, 467 [65 P. 1041]; *Estate of Granniss,* 142 Cal. 1, 6 [75 P. 324]; *Falk* v. *Falk,* 48 Cal.App.2d 762, 768 [120 P.2d 714]; *Cone* v. *Cone,* 131 Cal.App.2d 424, 431 [280 P.2d 871].) Defendant cites *Pereira* v. *Pereira,* 156 Cal. 1 [103 P. 488, 134 Am.St.Rep. 107, 23 L.R.A. N.S. 880], for the proposition that there should be an apportionment. The principle of apportionment is based upon a substantial community contribution. Since that element is lacking here, *Pereira* is not applicable. He also suggests that plaintiff, having control of defendant's earnings, invested a portion of them in the securities which she claims to be her separate property. No evidence is cited which would support such an inference, and the argument is without merit.

 With respect to the residence of the parties at 1630 North Genessee Street, defendant sets forth three factors which he claims necessitate the conclusion that the trial court was in error in holding that it was plaintiff's separate property. First, defendant claims to have made payments on an F.H.A. improvement loan. The only affirmative testimony to this effect is that of defendant. He testified that he did not

"sign the loan," but when asked whether he had been making payments on it he replied, "yes." On cross-examination he testified that the payments were made pursuant to a court order after the parties had separated, "in lieu of alimony." Second, defendant directs us to testimony of plaintiff that defendant made payments on what appears to have been an installment remodelling contract. But a further examination of the testimony reveals that plaintiff repaid defendant the entire amount of the payments he had made. She did this when she "received the principal and interest on [her] Palm Beach mortgage," $3,025. Certainly this testimony would justify an inference that defendant had loaned community funds to plaintiff, which she repaid out of her separate estate. Third, it is pointed out that defendant obtained and installed a sprinkler system on the property. It appears, however, that he paid nothing for it, most of it being used pipe from a neighbor's house. It is not clear how much time he spent installing it. When asked this question, plaintiff testified, "Sunday. I don't know how much time he spent." Clearly the inference that it was negligible would not be unwarranted.

Further, with respect to payments on the loans, it was held in *Wedemeyer* v. *Elmer,* 33 Cal.App.2d 336 [91 P.2d 642], that the use of community funds by the husband in the payment of a mortgage on the wife's separate real property did not alter its separate character in the absence of an agreement to that effect. ▮ With respect to the sprinkler system, "Ordinarily a party is not entitled to reimbursement for improvements voluntarily made on the land of another in the absence of an express contract requiring the land owner to pay. ▮ And it has been held uniformly that improvements made upon land become a part of the realty and assume the same character of property—separate or community— as the land. ▮ Thus, it has been held that when the husband uses community funds to improve the separate property of the wife the community interest in the funds is lost and the husband takes no interest in the land and has no claim for reimbursement." (*Callnon* v. *Callnon,* 7 Cal.App.2d 676, 680-681 [46 P.2d 988].) ▮ Additionally, services rendered in the improvement of the wife's separate property do not create a community interest in the husband. (*Carlson* v. *Carlson,* 10 Cal.App. 300, 303 [101 P. 923].) ▮ Improvements and expenditures made by the husband from community funds are presumed to be gifts. (*Estate of Inman,* 148 Cal. App.2d 952, 958 [307 P.2d 953].)

For these reasons the trial court was correct in its determination that defendant had no community interest in the Genessee property nor in plaintiff's stocks.

The portion of the judgment from which defendant appeals is affirmed.

Ashburn, J., and McMurray, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.