Filed 6/24/24  Stephenson-Cocke v. Cocke CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THERESA STEPHENSON-COCKE, | 2d Crim. No. B328830 |
| Plaintiff and Respondent, | (Super. Ct. No. 17PR-0378) (San Luis Obispo County) |
| v. | |
| HUGH J. COCKE, as Trustee, etc., | |
| Defendant and Appellant. | |

Hugh J. Cocke appeals a judgment nullifying the First Amendment (First Amendment) to the Hugh D. Cocke 2005 Revocable Trust (Trust) and surcharging him for his actions as trustee.  We affirm.

This appeal concerns the Trust that divided Hugh D.'s property equally among his seven children, including his son Hugh J. and his daughter Theresa.[1]  The Trust assets included a 140-acre parcel of real property in Paso Robles, two unimproved

---

[1] We refer to the settlor and beneficiaries by their first names not from disrespect, but to ease the reader's task.

parcels in Cambria, and various bank accounts. Shortly before Hugh D.'s death in 2006, Hugh J. suggested that his father amend the Trust to alter the shares that Theresa and other beneficiaries would receive. Hugh D. then amended the Trust by the First Amendment. The amended terms required Theresa to perform certain acts to receive a 5 percent share of the 140-acre Paso Robles real property in addition to the Cambria real property. Theresa was unaware of the First Amendment and did not perform its conditions. Hugh J. later sold the Paso Robles and Cambria properties and distributed Trust assets contrary to the terms of the Trust or the First Amendment. Theresa brought this lawsuit in 2017, alleging Hugh J.'s breaches of the Trust. She sought an accounting, damages, and other remedies.

*FACTUAL AND PROCEDURAL HISTORY*

In 2005, Hugh D. created the Trust which left his estate in equal shares to his children Hugh J., John, Mark, Paul, Theresa, Catherine, and Mary. The main assets of the Trust were a 140-acre parcel at 1980 Niderer Road in Paso Robles, two unimproved parcels in Cambria, and various bank accounts. One year later, Hugh D. created the First Amendment to the Trust at Hugh J.'s suggestion. This amendment altered Theresa's share of the Trust estate from one-seventh to 5 percent of the Niderer Road parcel. Before Theresa could receive the 5 percent share, however, the First Amendment required her to split the southern 20 acres of her own real property with her sisters Mary and Catherine. In return for this split, Theresa would receive the unimproved real property in Cambria.

The Niderer Road property was purchased many years prior by Theresa and her parents as a 181-acre parcel. They later split the 181 acres unevenly despite their respective

contributions to the purchase price, with Theresa and her husband taking 41 acres and her parents taking 140 acres.  Hugh D.'s estate plan contemplated each of his seven children receiving 20 acres of the Niderer Road property, hence the 140 acres.

The Trust appointed Hugh J. as trustee following his father's death.  Hugh J. did not provide Theresa a copy of the Trust or First Amendment and did not consult with her regarding a split of her own 41-acre property with Mary and Catherine.  In 2012, Hugh J. sold the Cambria parcels and gave the $15,000 proceeds only to Catherine.  In 2016, he sold the 140-acre parcel and distributed the proceeds (albeit unequally) to each beneficiary except Theresa.  Hugh J. also did not distribute any bank account proceeds to Theresa.  Prior to the sale of the 140-acre parcel, Hugh J. lived there; he did not pay any rent and used Trust funds to pay the property taxes and insurance.

Hugh J. also did not provide accountings to any Trust beneficiary and he failed to keep receipts or evidence of every Trust expenditure.  In 2009, he bought real property in Sacramento with Trust funds and permitted his daughter to live there.  She paid a low rent until 2016, and has not paid any rent since then.

*Construction of Shop Building and Water Well*
*Purchase of Grader*

At her parents' request, Theresa acquiesced to the construction of a shop building on her property.  She agreed on the condition that the building would be assessed separately and that her parents would pay the property taxes therefor.  Theresa's parents constructed the shop building without obtaining required permits.  After the parents' deaths, the county required that the building be brought to code standards or torn

down. Hugh J. brought the building to code standards using Trust assets so that he could continue to use the shop. Theresa again acquiesced. The trial court found that the value of the shop building was $65,000.

During his time as trustee, Hugh J. used Trust funds to construct a water well on Theresa's property. It was built without Theresa's knowledge or request and she has never used it. The trial court found that $9,418 in Trust funds were spent constructing the well.

Hugh J. also used $5,000 in Trust funds to purchase a grader to grade the common road that leads to the 140-acre parcel and Theresa's real property. Hugh J. abandoned the grader when he moved from the larger parcel.

On October 19, 2017, Theresa filed a petition seeking removal of Hugh J. as trustee, an accounting, damages, surcharges, and nullification of portions of the First Amendment. Following a bench trial, the trial court found that Hugh J. breached his duties as trustee and engaged in willful misconduct and gross negligence. The court removed Hugh J. as trustee, surcharged him for his breaches, and nullified the First Amendment because his actions made it impossible for its conditions to be satisfied.

Hugh J. appeals and contends that the trial court 1) exceeded its authority in nullifying the First Amendment, and 2) erred by surcharging him as trustee without accounting for benefits Theresa received.

## DISCUSSION

### I.

Hugh J. points out that Theresa did not present evidence that the First Amendment was invalid and that at trial she

requested only the 5 percent interest in the 140-acre parcel. He adds that modification of a trust is only permitted when necessary to accomplish the settlor's purpose and intent. Hugh J. asserts that de novo review of the Trust and the First Amendment applies.

Probate Code section 15409, subdivision (a)[2] provides: "On petition by a trustee or beneficiary, the court may modify the administrative or dispositive provisions of the trust or terminate the trust if, owing to circumstances not known to the settlor and not anticipated by the settlor, the continuation of the trust under its terms would defeat or substantially impair the accomplishment of the purposes of the trust. . . ." Unusual or emergent circumstances afford the basis for the court to deviate from the terms of a trust. (*Estate of Gilliland* (1974) 44 Cal.App.3d 32, 37, 40.)

The trial court's ruling nullifying the First Amendment was reasonable because the conditions imposed on Theresa were impossible to carry out. Hugh J. did not provide Theresa with a copy of the Trust or First Amendment and she was initially unaware of the conditions. Hugh J. then sold the 140-acre parcel as well as the Cambria parcels and distributed the proceeds to other beneficiaries. His breaches made it impossible for the conditions of the amendment to be satisfied.

Circumstances often arise not contemplated by the trustor. " '[H]ad they been anticipated, [they] would undoubtedly have been provided for, where the aid of the court . . . must be invoked to grant relief . . . ; and in such cases the court must, as far as may be, occupy the place of the party creating the trust, and do

---

[2] All statutory references are to the Probate Code unless stated otherwise.

with the fund what he would have dictated had he anticipated the emergency.' " (*Adams v. Cook* (1940) 15 Cal.2d 352, 360-361 [modification of trust to prevent loss or destruction of trust property].)

Moreover, the trial court was empowered "[to] grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue." (Code Civ. Proc., § 580, subd. (a).) "[W]hen an answer is filed, the case becomes one in which the court is authorized regardless of the prayer to grant any relief consistent with the plaintiff's averments." (*Wright v. Rogers* (1959) 172 Cal.App.2d 349, 367.) The court was not limited to granting Theresa a 5 percent interest in the 140-acre parcel free of the conditions imposed by the First Amendment. There is no abuse of discretion by nullifying the First Amendment.

## II.

Hugh J. asserts that the trial court abused its discretion by failing to find benefits to Theresa from the $65,000 shop building and $9,418 water well. He points out that section 16421 provides that the remedies against a trustee are exclusively in equity and the beneficiary must account for benefits received. (*Ibid.* ["The remedies of a beneficiary against the trustee are exclusively in equity"].) Hugh J. relies upon *Orange Catholic Foundation v. Arvizu* (2018) 28 Cal.App.5th 283 to contend that the benefits received by Theresa from the shop building and water well should be offset from her share of the Trust estate. (*Id.* at pp. 285-286 [the court has discretion to excuse a trustee for breach of trust if it is equitable to do so].)

We review the surcharge orders to a trustee pursuant to an abuse of discretion standard. (*Estate of Moore* (2015) 240

Cal.App.4th 1101, 1105.) "A ruling that constitutes an abuse of discretion has been described as one that is 'so irrational or arbitrary that no reasonable person could agree with it.'" (*Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773.) The facts underlying a surcharge order are reviewed for substantial evidence. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 987.)

The trial court considered this argument and ruled that the shop building and water well costs would be charged against Hugh J.'s interests in the Trust because they were not built at Theresa's request, and she has never used them. (The court declined to charge the road grader against any one beneficiary and ordered that, if sold, the proceeds should be shared equally among all beneficiaries.)

A party is not entitled to reimbursement for improvements voluntarily made to another's land in the absence of an express or implied agreement to pay. (*Kershman v. Kershman* (1961) 192 Cal.App.2d 18, 22.) The shop building and water well are permanent improvements affixed to Theresa's property not at her request or for her benefit. (Civ. Code, § 1013 ["When a person affixes his property to the land of another, without an agreement permitting him to remove it, the thing affixed . . . belongs to the owner of the land, unless he chooses to require the former to remove it or the former elects to exercise the right of removal"].)

Section 16440, subdivision (b) provides that if a "trustee has acted reasonably and in good faith under the circumstances as known to the trustee," a court has discretion to excuse the trustee from liability for a breach of trust if it would be equitable to do so. Here the trial court specifically ruled that Hugh J. engaged in willful misconduct and/or gross negligence. Thus,

*Orange Catholic Foundation v. Arvizu*, *supra*, 28 Cal.App.5th 283, 285-286, is not helpful to him. The court's ruling regarding the shop building and water well is reasonable and not an abuse of discretion.

*DISPOSITION*

The judgment is affirmed. Respondent Theresa shall recover costs on appeal.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


CODY, J.

Tana L. Coates, Judge

Superior Court County of San Luis Obispo

_____

Christian E. Iversen for Defendant and Appellant.

The Law Office of Clay A. Schroeder and Clay A. Schroeder for Plaintiff and Respondent